H. B. PARKER *et al.*

*v.*

THE VILLAGE OF LAGRANGE.

*Opinion filed February 14, 1898.*

1. SPECIAL ASSESSMENTS—*petition for paving assessment need not recite former ordinance establishing grade.* A petition for confirmation of a paving assessment, which recites the ordinance for the improvement requiring that the street should be paved at "the established grade," need not recite a former ordinance by which such grade was established.

2. SAME—*when ordinance is not uncertain in directing the division into installments.* An ordinance providing that the total assessment be divided into seven installments, the first to include all fractional amounts, leaving the others equal and multiples of one hundred dollars, is not uncertain, as the fractional amounts to be so included will be those amounts which, after dividing the total assessment by seven, remain, in each part, in excess of even hundreds.

3. APPEALS AND ERRORS—*objections which appear only by the evidence not considered in absence of bill of exceptions.* Objections to a special assessment ordinance, not appearing on its face but alleged to have been disclosed by the evidence, cannot be considered on appeal, in the absence of a bill of exceptions.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

WILLIS E. THORNE, and T. PARKER BERRY, for appellants.

ᴏJESSE E. ROBERTS, (STEELE & ROBERTS, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the county court of Cook county, confirming a special assessment levied on property belonging to the appellants for the purpose of paving Spring, Waiola and Bell avenues, in the city of Chicago.

The objection the petition is defective because it does not contain a copy of the ordinance establishing the grade of the proposed improvement was properly overruled. The petition recited an ordinance providing for the improvement, and it required the streets should be paved to the established grade.

The grade referred to is established by another ordinance than the one providing for the improvement, and appellants insist, upon the authority of the case of *Ogden* v. *Town of Lake View*, 121 Ill. 422, that the ordinance establishing the grade should be recited in the petition, together with the ordinance providing for the improvement. In the case of *Haley* v. *City of Alton*, 152 Ill. 113, the same question arose, and we held, "where the grade or city datum is fixed by ordinance it is sufficient to refer (in the petition) to that grade or city datum without setting forth the ordinance;" and in *City of Carlinville* v. *McClure*, 156 Ill. 492, we held it was not necessary to set out in every ordinance providing for the improvement of a street the details of the grade of that street, if the grade has been fixed by another ordinance to which reference was made. And the ruling in the case of *White* v. *City of Alton*, 149 Ill. 626, is in principle to the same effect. In *Haley* v. *City of Alton, supra,* the decision in *Ogden* v. *Town of Lake View, supra,* relied upon by appellants, was examined and declared not in conflict with the conclusion reached in the case then under consideration.

The county court also ruled correctly in holding the ordinance was not void because of uncertainty in its provisions with reference to the division of the assessment into installments. The language of the ordinance in this

respect is as follows: "That said assessment shall be divided into and collected by installments, seven (7) in number, the first one of which installments shall be due and payable on and after the confirmation thereof, and the second installment one (1) year thereafter, and so on until all are paid. But such division shall be so made that the first installment shall include all fractional amounts, leaving each of the remaining installments equal in amount and multiples of one hundred dollars." The objection was, the ordinance does not provide what proportion of the total assessment shall be included in the first installment. In this respect the language of the ordinance and the statute is identical. (Starr & Curtis' Stat.—2d ed.—chap. 24, par. 425.) We think there is no uncertainty as to the division which should be made. The ordinance declares the total assessment is to be divided into seven installments, and that the division shall be so made all fractional amounts shall be included in the first installment. What fractional amounts? Clearly the amounts which, after the total assessment has been divided into seven equal parts, are found in each of said parts in excess of the sum of the full hundreds thereof. These fractional parts of one hundred are all to be included in the one-seventh part first to fall due. No other reasonable meaning can be given to the language employed in the statute and in the ordinance.

The remaining objections to the ordinance are not such as appear on the face of the instrument, but such as appellants insist were disclosed by the evidence produced upon the hearing. We have ruled heretofore the evidence had not been preserved by a proper bill of exceptions. In the absence of a bill of exceptions we cannot consider or determine objections which have no foundation except in facts alleged to have been disclosed by testimony.

The judgment is affirmed.          *Judgment affirmed.*