JAMES KUNST *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed April 21, 1898.*

1. ORDINANCES—*improvement ordinances may by reference adopt city datum established by previous ordinance.* Where a datum for a city or village has been established by ordinance, it is sufficient, in subsequent improvement ordinances, to adopt and refer to such datum as a standard of measurements without setting forth or reciting the former ordinance by which it was established.

2. SPECIAL ASSESSMENTS—*on an application for sale only objections going to the jurisdiction to confirm assessment are available.* Where an ordinance for sewer construction adopts a city datum, fixed by a prior ordinance, as the standard of measurement, the court has jurisdiction in that regard to confirm the assessment; and it can not be shown, on application for judgment of sale, that no ordinance establishing such datum was ever legally passed, as such an objection must be made before confirmation.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

YOUNG, MAKEEL & BRADLEY, (STEELE & ROBERTS, of counsel,) for appellants.

ALLEN G. MILLS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered by the county court of Cook county, upon the application of the appellee treasurer, against certain lands and lots owned by the appellants, respectively, for unpaid special assessments levied by virtue of two ordinances adopted by the village of Grossdale, in said county, providing for the construction of a connected system of sewers in the streets and alleys of the said village. The same errors are assigned by each of the appellants, and all have been submitted together for decision.

Appellants contend that the ordinances of the village, upon which the judgments of confirmation of the assessment rolls were entered, were void, and that for that reason the court was without jurisdiction to enter such judgments of confirmation. The specific ground of objection to the ordinances, and to each of them, is, that they fail to specify the nature, character, locality and description of the improvement to be made, with sufficient certainty to enable the commissioners appointed to estimate the cost thereof to perform that duty, or to enable persons desiring to contract to construct the sewers to intelligently prepare bids. It is not contended the alleged insufficiency is apparent upon an inspection of the ordinances. Each of the ordinances provides the grade of the bottom of the inside of the sewers shall be a designated number of feet above the village datum, and otherwise refers to the village datum as a standard for other measurements connected with the improvements. The petitions for the judgments of confirmation did not recite an ordinance fixing a datum of the village, and the ordinances providing for the improvements do not profess to fix a datum or to specifically refer to any ordinance establishing the same.

The appellants insisted, at the hearing of the application for judgment in the county court, that no village datum had ever been established, and offered testimony for the purpose of showing that the village had not legally adopted an ordinance establishing a datum. The court heard this evidence under objection, and rendered judgment as asked in the application of the appellee treasurer. We are asked to review the evidence thus produced, and to hold it was sufficient to establish the contention of the appellants, and that the county court for that reason should have denied the prayer of the application of the treasurer. We think the evidence was not competent, but that the appellants were concluded upon

the point by the judgments of confirmation. If a datum for a city or village has been established by an ordinance, it is sufficient, in subsequent ordinances providing for public improvements, to adopt and refer to such datum as a standard of measurements without setting forth or reciting the ordinance by which the datum was established. (*Parker* v. *Village of LaGrange*, 171 Ill. 344, and cases there cited.) Each ordinance here involved was therefore good and sufficient upon its face.

The petitions for confirmation, and the ordinances which we must presume were recited in such petitions, stood in the county court as pleadings in the nature of declarations. They contained all that was necessary to invest the court with jurisdiction to require the appellants, as owners of the property here involved, to appear and present such defenses as they might have to the application. The appellants might have interposed, as a defense to the petitions for confirmation, that no datum for the village had been established and might have produced any competent evidence tending to support such contention. (*Fishburn* v. *City of Chicago*, 171 Ill. 338.) Had they done so, it would have been the duty of the court to properly consider and weigh such testimony, and if it appeared no datum had been established, to determine whether or not the description of the improvement in the ordinance was such that the existence of a datum was necessary to the legal sufficiency of the ordinance. We are not advised whether the appellants interposed such defense to the application for judgments of confirmation and the judgment upon the issue was adverse to them, or whether they failed to present such defense and judgment was rendered against them by default. Nor is it important we should be so advised, for the reason the judgments of confirmation, whether rendered upon a contest and hearing or in default of appearance to a good and sufficient petition, are conclusive as against collat-

eral attack.   Section 39 of article 9 of the City and Vil-
lage act (Rev. Stat. p. 237,) provides that "upon the
application for judgment upon such assessment (special
assessment) no defense shall be made or heard which
might have been interposed in the proceeding for the
making of such assessment or the application for the
confirmation thereof." It is true that we held in *People
v. Hurford,* 167 Ill. 226, *Cass* v. *People,* 166 id. 126, *Otis* v.
*City of Chicago,* 161 id. 199, and a number of other cases
cited by counsel for appellants, that it might be urged
as a defense to the application in those cases for a judg-
ment and order of sale of lands and lots for delinquent
special assessments, that the ordinance providing for the
improvement was void.   But in each of such cases the
insufficiency of the ordinance was apparent upon a bare
inspection thereof.

A valid ordinance is the basis of a proceeding to con-
struct a public improvement by special assessment, and
is essential to the jurisdiction of the court over the sub-
ject matter of an application for the confirmation of an
assessment roll.   If, therefore, it should appear in the
record of the proceedings for the confirmation of the
special assessment that the ordinance was defective and
void, that, of itself, would demonstrate by the record
that the court was lacking in jurisdiction to render the
judgment.   But in the case at bar the record does not
disclose that the ordinance was void, and the proposition
is that its alleged invalidity may be shown by parol
proof.   But, as we have seen, the appellants might have
presented such proof in defense of the application for
confirmation, and having failed to do so they are pre-
cluded, by the express words of the statute, from the
privilege of interposing the same against an application
for judgment and order of sale.

It having been stipulated between the parties that
the assessment roll in each of said assessment proceed-

ings shows a proper division of the assessment into installments, we must decline to consider the discussion of the question whether the village had authority to so divide the assessment into installments.

The judgment must be and is affirmed.

*Judgment affirmed.*