## Chicago and E. I. R. R. Co. v. Robert Hines.

1.  NEGLIGENCE—*Joint, of Two Defendants.*—The fact that an injury to plaintiff was occasioned by the combined negligence of a railroad company and a street car company can not avail the railroad company in a suit for damages.

2.  ORDINANCES—*Enacting Clause Not Essential.*—An ordaining or enacting clause is not essential to the validity of an ordinance, even though prescribed by the municipal charter.

3.  MUNICIPAL LAW—*Defined.*—Blackstone defines municipal law as " A rule of civil conduct prescribed by the supreme power in a State, commanding what is right, and prohibiting what is wrong."

4.  SAME—*Statutory Prohibition.*—A statutory prohibition is equally efficacious, and the illegality of a breach of the statute is the same, whether a thing be prohibited absolutely, or only under a penalty.

5.  ESTOPPEL—*Recovering Remuneration From One of Two Tortfeasors.*—The fact that a person, injured in a collision between the cars of a railroad and a street car company, was formerly in the employ of the street car company, and which paid him for the time he had lost, his wages while he was laid up, his doctor's bill, and, in addition thereto, $500, does not preclude his recovery for such injuries from the railroad company, provided he has executed no release, but such payment by one company must apply in reduction of the claim against the other.

**Action in Case,** for personal injuries.   Trial in the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the October term, 1898.   Affirmed.   Opinion filed May 22, 1899.

W. H. LYFORD, J. B. MANN and D. W. MUNN, attorneys for appellant.

It is a well settled principle that a satisfaction of damages from one, the action being joint, will operate as a discharge of all, whether the parties intended it or not, in actions against wrongdoers for torts.   Brown v. Kenchelor, 3 Cold. (Tenn.) 192; Ruble v. Turner, 2 Hen. & M. (Va.) 38; Strang v. Holmes, 7 Cow. (N. Y.) 224.

A parol release of one of two joint tort-feasors for negligence is a release of both.   Bronson v. Fitzhugh, 1 Hill (N. Y.) 185.

A release of one joint trespasser is a release of all—it operates as a satisfaction.   Gould v. Gould, 1 N. H. 473; Brown v. Marsh, 7 Vt. 320; Ayer v. Ashmead, 31 Conn. 447.

Where the amount of damages for an injury by two or more joint feasors to the plaintiff is undecided, the release to one for a certain sum releases all.   Long v. Long, 57 Ia. 497; Urton v. Price, 57 Cal. 270.

WILLIAM S. FORREST, B. C. BACHRACH and BENSON LANDON, attorneys for appellee.

The evidence does not establish accord and satisfaction. City of Chicago v. Babcock, 143 Ill. 358; West Chi. St. Ry. Co. v. Piper, 165 Ill. 325; Wagner v. Union S. Yards & Transit Co., 41 Ill. App. 410.

The question of accord and satisfaction was not raised or attempted to be raised on the trial of this case in the court below.   Westgate v. Aschenbrenner, 39 Ill. App. 264; Alley v. Limbert, 35 Ill. App. 592.

MR. JUSTICE ADAMS delivered the opinion of the court.

Between one and two o'clock in the afternoon of February 25, 1897, appellee was a passenger on a street car of the Calumet Electric Street Railway Company, operated by electricity and running west on 103d street in the city of Chicago.   The appellant at the same time was operating a passenger train by steam on its right of way and track in a southerly direction from its main depot in Chicago.   The right of way and tracks of appellant intersected 103d street

which is an east and west street. A collision occured at the intersection of appellant's tracks and 103d street between the engine drawing its train and the street car in which appellee was riding. The evidence tends to show that the engine struck the street car about half way between the middle and the front end of the car. The car was completely demolished. Appellee was thrown about twenty feet from the street car by the collision and was seriously injured. The jury found for appellee and assessed his damages at the sum of $2,000, for which sum judgment was rendered. The negligence charged in the declaration is that appellant, by its servants, negligently and carelessly ran its train at a much higher rate of speed than that permitted by an ordinance of the city of Chicago, which ordinance prohibits the running of passenger trains within the corporate limits of the city at a rate of speed greater than ten miles per hour. The estimate of appellee's witnesses of the speed of the train at the time of the accident varies between forty-five and sixty miles per hour. Appellant's engineer and flagman testified that the speed was about thirty miles per hour and the engineer said that the speed was uniform at that rate. The flagman testified that he did not think that the train slackened its speed as it approached 103d street. There were gates and flagman at the intersection of appellant's tracks and 103d street. The gates were down and the street car crashed into and through them. The evidence as to the speed of the street car is not very definite. One of appellee's witnesses testified that its speed was probably six or seven miles per hour; another, that it was running the usual speed—full speed. The flagman testified that he was running about twelve or fifteen miles per hour at the time it crossed the tracks. That appellant introduced evidence tending to show that by reason of buildings intervening between its train and 103d street, the street car could not be seen approaching the crossing from a point 150 feet distant from the place where the collision occurred; and, also, evidence tending to show that a train, running at the rate of ten miles per hour, could not be

stopped in that distance; but counsel for appellant seem to have omitted from consideration what we think the jury were warranted in inferring from the evidence, namely, that if appellant's train had not been running at a speed in excess of ten miles per hour the street car would have passed the crossing before appellant's train arrived there, and the collision would not have occurred.    The fact that the injury to appellee may have been occasioned by the combined negligence of appellant and the street car company can not avail appellant.    Railway Co. v. Shacklet, 105 Ill. 364; Street Railroad Co. v. Piper, 165 Ib. 325.

Appellee, against appellant's objection, introduced in evidence a properly certified copy of a section of an ordinance of the city of Chicago, which is as follows :

" 1830.    No railroad corporation shall by itself, agents or employes, run any passenger train upon or along any railroad track within the corporate limits of the city of Chicago at a greater rate of speed than ten miles an hour; nor shall any such corporation by itself, agents or employes, run any freight car or cars upon or along any railroad track within said city at a greater rate of speed than sixty miles per hour."

Counsel object that there does not appear to have been any enacting clause to the ordinance, or any penalty prescribed for its violation, and, therefore, it is ineffective.    An ordaining or enacting clause is not essential to the validity of an ordinance, even though prescribed by the municipal charter.    City of St. Louis v. Foster, 52 Mo. 513; People v. Murray, 57 Mich. 396; Dillon on Mun. Corp., 4th Ed., Sec. 309.

And so the Supreme Court of the State has intimated. People v. Lee, 112 Ill. 113, 121.

Neither do we think the ordinance ineffective because it does not appear that a penalty is prescribed for its violation The section is expressly prohibitive in terms, and is certified by the clerk to be a true copy of section 1830 of the municipal code of the city passed by the city council, etc. Blackstone defines municipal law as "A rule of civil conduct prescribed by the supreme power in a State, com-

manding what is right and prohibiting what is wrong."
1 Cooley's Bl., marg. p. 44. A statute may be expressly pro-
hibitory, or it may be prohibitory by implication, as by pre-
scribing a penalty. Sedgwick on Con. of Statutes, 2d Ed.,
p. 71; 1 Kent's Com., 12th Ed., 467.

The latter author says: " The principle is now settled
that the statutory prohibition is equally efficacious, and the
illegality of a breach of the statute is the same whether a
thing be prohibited absolutely or only under a penalty."
Ib., citing cases in note b. See also Potter's Dwarris on
Stat., p. 161.

Our statute concerning railroads provides as follows :

" Whenever any railroad corporation shall by itself or
agents run any train, locomotive engine or car at a greater
rate of speed in or through the incorporated limits of any
city, town or village than is permitted by any ordinance of
such city, town or village, such corporation shall be liable
to the person aggrieved for all damages done to the person
or property by such train, locomotive, engine or car, and
the same shall be presumed to have been done by the neg-
ligence of said corporation," etc.    Starr & Curtis' Statutes,
Ch. 114, Sec. 93.

The objections to the ordinance were properly overruled.
Appellee was a motorman in the employ of the Calumet
Electric Street Railway Co., but was not acting as such
when injured, he being at that time a passenger on the
street car.    On appellee's cross-examination he testified, in
response to questions asked by appellant's attorney, that
the street railway company paid him for the time he had
lost, his wages while he was laid up, his doctor's bill, and,
in addition $500; and it is urged that this operated as a
settlement in full of all damages suffered by appellee, and
precludes a recovery in the present case.    It does not appear
nor is it claimed that appellee executed any release.    The
evidence relied on is insufficient to establish the defense of
accord and satisfaction.    City of Chicago v. Babcock, 143
Ill. 358; W. C. St. R. R. Co. v. Piper, 165 Ill. 325.

In the Babcock case it was held that when part of the
damages claimed is paid by one of two tort-feasors, such

payment must apply in reduction of the claim against the other, and so the court, by request of appellant's attorney, instructed the jury in the present case. No instruction bearing on the question of accord and satisfaction was asked by appellant. We think the objections of appellant's counsel, in respect to instructions given and refused, insufficient to warrant a reversal of the judgment. We find no reversible error in the record, therefore the judgment will be affirmed.