THE PEOPLE *ex rel.* E. T. Rice, County Collector,

*v.*

DON A. BURKE.

*Opinion filed December 16, 1903.*

1. SPECIAL TAXATION—*substantial compliance with law is sufficient.* Special taxes must be imposed by lawful authority and in substantial conformity with the power conferred; yet a natural and reasonable construction must be given to the ordinance levying such taxes, and a substantial compliance with the law is sufficient.

2. SAME—*effect where a grade ordinance and a sidewalk ordinance are passed at the same time.* A sidewalk ordinance referring to an ordinance establishing the grade is not invalid because both ordinances were passed at the same time and the grade ordinance had not been recorded when the sidewalk ordinance was passed, where the grade ordinance was in force when the property owner was entitled to build his walk.

3. SAME—*sidewalk ordinance need not specify location of the property crossings.* Failure of a sidewalk ordinance, passed under the Sidewalk act of 1875, to fix the location, number or method of construction of the crossings used in going from the lots to the street is not ground for refusing judgment of sale, where it is not shown that unnecessary crossings were put in or necessary ones omitted.

4. SAME—*failure to publish entire ordinance as amended is not fatal.* If a sidewalk ordinance is amended by correcting an error in the specification of the dimensions of the brick, and the amendatory ordinance is published as required by the law, it is not a valid objection, upon application for judgment of sale, that the entire ordinance, as amended, was not again published.

5. ORDINANCES—*form of enacting clause need not be strictly followed.* A provision in a city charter prescribing the form of the enacting clause of ordinances is directory, and a failure to follow the prescribed form does not vitiate the ordinance.

APPEAL from the County Court of Macoupin county; the Hon. J. B. VAUGHN, Judge, presiding.

A. J. DUGGAN, for appellant.

RINAKER & RINAKER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Macoupin county sustained objections to the application of the county collector of said county for judgment for delinquent special taxes levied by the city of Carlinville against lots and lands of appellee in said city for the construction of brick sidewalks along said property, and refused to enter such judgment.

There were two separate sidewalks constructed under separate ordinances, one called the Plum street sidewalk and the other the West Main street sidewalk. The ordinances were passed under the Sidewalk act of 1875, providing for construction by the owners of lots within thirty days, and that the city would pay to an owner constructing the same in front of his property one-third of the cost thereof; if constructed by the city, it was provided that two-thirds of the cost of constructing the same should be levied as a special tax upon the lots and parcels of land abutting thereon. It was admitted by the appellee that the sidewalks were constructed under the ordinances, and it was not denied that his property received the full benefit of the improvement. There was no pretense that he was misled in any way to his injury by anything that was done or that the ordinances were not sufficiently specific, so that he could have constructed the sidewalks if he had been so disposed. The ordinances provided that if he did so the city would pay him one-third of the cost of construction.

Special taxes must be imposed by lawful authority and in substantial conformity with the power conferred, but a natural and reasonable construction is to be given to ordinances and a substantial compliance with the law is all that is required. The objections in this case were

without substantial merit. Each ordinance provided that the sidewalk should be built on a grade established for such street by an ordinance of the city. The ordinance for the sidewalk on Plum street provided that it should be constructed on a grade established by an ordinance then on file and of record in the office of the city clerk. One objection is, that the ordinance establishing the grade and the sidewalk ordinance were passed and approved on the same day, and that the ordinance fixing the grade had not been actually recorded by the clerk when the sidewalk ordinance was passed. It is not disputed that the ordinance was on file in the office of the city clerk and was in force, and furnished to appellee all the information necessary to enable him to construct the sidewalk on the grade fixed by the ordinance. The ordinance fixing the grade was in force during the time when he was entitled by law to build the sidewalk, and it was referred to in the sidewalk ordinance, and that was sufficient. *Parker* v. *Village of LaGrange,* 171 Ill. 344.

The ordinance for the sidewalk on West Main street required it to be upon the grade established by an ordinance on file in the office of the city clerk. The ordinance so referred to was adopted and in force before the adoption of the sidewalk ordinance, and the objection to it is, that it is void because the enacting clause was in this form: "Be it ordained by the city of Carlinville," while the charter provides that the style of ordinances shall be as follows: "Be it ordained by the city council of the city of Carlinville." In the case of *Law* v. *People,* 87 Ill. 385, where the enacting clause said "common council" instead of "city council," as required by the charter, it was decided that the ordinance was not void; and this is in accordance with the general rule that provisions as to the form of the enacting clause of ordinances are directory, merely, and a failure to follow a prescribed form will not render the ordinance void. (21 Am. & Eng. Ency. of Law,—2d ed.—975.)

Each ordinance provided for the construction of the sidewalk with necessary crossings, which plainly referred to crossings over the sidewalk for the use of property owners. It was agreed on the trial that the term "property crossing" meant that part in the line of the sidewalk over which the owner would travel with a wagon or other vehicle in going from the street upon his property or leaving the same. Appellee objected that the location, number or method of construction of such crossings was not fixed by the ordinances. It is manifest that it would be impossible, in an ordinance for a sidewalk, to provide the exact location or number of such crossings necessary or convenient for the property owner in going to and from the street. It would be unreasonable to require an ordinance to specify that such a crossing should be put at a given point, but the necessities of the situation would determine the location and number of such crossings. There was no objection and no evidence that crossings were not put in where necessary or were constructed where unnecessary. It was agreed that the custom in the city of Carlinville was to construct crossings by placing bricks edgewise instead of flat, as the rest of the walk was laid. If there were no other provision than the general description of the sidewalk, the ordinance would not be void as lacking in matter of description, but the agreement was sufficient to show the meaning of the ordinance as to the construction of the crossings.

The ordinance for the sidewalk on West Main street was passed October 2, 1899, and contained an apparent mistake in the size of the brick, which were required to be four inches by four inches by eight inches,—not the form of paving brick. The ordinance was published, and was subsequently amended so as to make the description of the brick two inches by four inches by eight inches, and the amendatory ordinance was published more than thirty days before the construction of the sidewalk by

the city. It is objected that the whole sidewalk ordinance, as amended, was not again published. Counsel do not point out any requirement that an ordinance so amended shall be again published or cite any authority to that effect, and we know of none.

None of the objections were sufficient to defeat the collection of the tax, and the court erred in sustaining them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*