ARTHUR E. BEERS *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 21, 1907.*

SPECIAL ASSESSMENTS—*it is not essential that curb line of intersecting street shall be fixed.* The fact that the curb line at one side of one of the streets which intersect the street to be improved by paving and curbing has not been established does not render the improvement ordinance invalid for uncertainty.

APPEAL from the County Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.

ARTHUR E. BEERS, for appellants.

CHARLES H. MITCHELL, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This appeal is prosecuted from a judgment of the county court of Cook county confirming a special assessment levied for the improvement of Ashland avenue from Archer avenue to Thirty-ninth street, in the city of Chicago.

Appellants filed an objection that the ordinance was void for uncertainty. The ordinance provides: "Curb-stones now in place on each side of the roadway of said South Ashland avenue and on each side of the roadways of all intersecting streets and alleys extended from the curb line to the street line produced on each side of said Ashland avenue between said points, to the extent of 1810 lineal feet, shall be re-set. * * * The best quality of new limestone curb-stones shall be set on edge along their length in such a manner that the roadway face of said curb-stones shall conform with the curb line on each side of all intersecting streets." It also provides for "paving the roadway of said South Ashland avenue between said points, and also the roadways of all intersecting streets and alleys extended from the curb line to the street line produced on each side of said Ashland avenue between said points."

The point relied on is, that it is uncertain where curb-stones are to be placed and how much roadway is to be paved at the intersection of Ashland avenue and Thirty-fourth street. Thirty-fourth street intersects Ashland avenue at a point embraced in the proposed improvement. The evidence shows that Thirty-fourth street, west of Ashland avenue is only thirty-three feet wide and that there are no curb-stones or curb lines on the west side of Ashland avenue. The contention of appellants is, that the fact that the curb line of Thirty-fourth street has not been established renders the ordinance uncertain. We do not see the force of this objection. The ordinance is designed to provide for the improvement of Ashland avenue, and not Thirty-fourth street. When this improvement is in, Thirty-fourth street will re-

main as it now is, and should the city hereafter elect to establish a curb line on Thirty-fourth street it could do so, making the street of such width as is desired. Of course, it cannot appropriate the private property of appellants except in the manner provided by statute.

.. It is said that there is a wing of curb turned on the west side of Thirty-fourth street, which, if it is recognized as the correct curb line, would make Thirty-fourth street forty-two feet wide at this intersection when it is conceded that it is only thirty-three feet wide. This is a matter of no consequence. The 1810 feet of curb to be re-set does not necessarily include this wing. If the appellants' contention was sustained it would be impossible to improve any street by special assessment unless all intersecting streets were definitely laid out and the curb line established. When the estimate of the engineer is considered in connection with this ordinance there is no uncertainty here requiring a reversal of this judgment.

The judgment is affirmed.          *Judgment affirmed.*