THE CITY OF HILLSBORO, Appellant, *vs.* C. W. GRASSEL, Appellee.

*Opinion filed February 25, 1911.*

1. SPECIAL ASSESSMENTS—*plans, profiles and specifications attached to ordinance and referred to are part of ordinance.* Under the present Local Improvement act, plans, profiles and specifications attached to the ordinance and made a part thereof by reference are as much a part of the ordinance as if they were set out in the body of the ordinance itself, and may be considered in determining whether the ordinance sufficiently prescribes the nature, character, locality and description of the improvement.

2. SAME—*when grade for tile drains and quantity of excavation are sufficiently shown.* The grade at which tile drains shall be laid and the quantity of excavation required are sufficiently shown where the ordinance fixes the grade of the surface of the street by reference to an established city datum, and the profile attached to and made a part of the ordinance shows the natural surface of the ground and the grade at which the drains are to be laid, so that the amount of excavation is a mere matter of computation from given data.

3. SAME—*the temporary detachment of plans and specifications from ordinance do not invalidate the ordinance.* The fact that the

plans, profiles and specifications were temporarily detached from the ordinance, for convenience, for a part of the time when the ordinance was being considered by the city council at the time of its passage does not invalidate the ordinance.

4. SAME—*estimate and ordinance may be read together.* The ordinance and the estimate of the cost of the improvement may be read together to determine whether there is a substantial variance, and also for the purpose of removing any uncertainty as to the description of the improvement in the ordinance.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

F. M. RAMEY, City Attorney, LANE & COOPER, and HILL & BULLINGTON, for appellant.

T. A. GASAWAY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

May 13, 1910, a petition was filed in the county court of Montgomery county by the city of Hillsboro to pave with brick Jackson avenue, in said city, and pay for the same by special assessment on the property benefited. C. W. Grassel, appellee, who owned two lots, appeared and filed objections to the confirmation of said assessment. On a hearing before the court the second, third, sixth and seventh legal objections were sustained (all other objections being overruled) and the petition dismissed. From that order this appeal was prayed.

The second legal objection stated that the ordinance failed to describe the sewer outlet. This referred to one of the tile drains connecting with the catch-basins for the purpose of draining the street. The third stated that the ordinance did not give the grade at which the said tile drains should be laid or the quantity of excavation required therefor. The sixth, that the ordinance referred to certain plans, profiles and specifications attached thereto and made a part thereof by reference in order to aid in ascertaining the na-

ture, character, locality and description of the improvement, and that said reference was illegal and void. The seventh objection is not relied on in appellee's brief and need not be stated.

The principal contention centers around the sixth objection. Section 8 of the present Local Improvement act provides that the ordinance for local improvements "shall prescribe the nature, character, locality and description of such improvement," etc. This provision is worded substantially the same as the Special Assessment law of 1872 on the same subject. In *Hutt* v. *City of Chicago,* 132 Ill. 352, it was held that the plan of the improvement annexed and referred to in the ordinance must be considered a part of the ordinance. This decision has been referred to on this point with approval in construing the present Local Improvement act. The legislature amended the Special Assessment law in 1887, providing that plans and profiles on file in the office of the city clerk could be made a part of the ordinance by reference. This made it possible to make them a part of the ordinance without having the originals or copies attached to it. There is no such provision in the present law. It is argued that the plans and profiles were not attached to the ordinance here in question during its passage but were attached afterward in the clerk's office. The evidence shows that the blue-prints giving the plans and profiles were before the council and considered a part of the ordinance at the time of its passage but were detached for convenience during a part of the time and afterward re-fastened to it. We are disposed to hold that the temporary detachments shown by this record did not invalidate the ordinance. It is clear, under the decisions construing the present and previous statutes on this question, that under the present act plans, profiles and specifications attached to the ordinance, and made a part thereof by reference, are as much a part of the ordinance as if they were incorporated *in extenso* in the body of the ordinance itself. (*Gault* v.

*Village of Glen Ellyn,* 226 Ill. 520; *City of Chicago* v. *Kemp,* 240 id. 56; *Nicholes* v. *People,* 171 id. 376; *City of Chicago* v. *Wilshire,* 243 id. 123; *Rich* v. *City of Chicago,* 152 id. 18; *City of Alton* v. *Middleton's Heirs,* 158 id. 442; *Louisville and Nashville Railroad Co.* v. *City of East St. Louis,* 134 id. 656; *Lindblad* v. *Town of Normal,* 224 id. 362.) The authorities cited by counsel for appellee to the effect that the ordinance must contain a description of the nature and character of the improvement are not in conflict with this holding. In none of those cases did the decision turn on the question whether plans, profiles and specifications could be incorporated in the ordinance by reference. In all of them the question was whether the description of the improvement was sufficiently specific and definite. The trial court improperly sustained the legal objection which stated that the plans, profiles and specifications attached to the ordinance, and made a part thereof by reference, could not be considered a part of the ordinance in deciding whether the character of the improvement was sufficiently described therein.

The ordinance definitely fixed the grade of the surface of the street by reference to the city datum. An ordinance establishing the city datum was introduced, showing that it had been fixed by a bench-mark on the stone door-sill of the city hall. It has been repeatedly held by this court that the grade of a street or sewer can be shown by reference in the ordinance to the city datum. (*Kunst* v. *People,* 173 Ill. 79; *Cramer* v. *City of Charleston,* 176 id. 507; *Shannon* v. *Village of Hinsdale,* 180 id. 202; *Chicago Consolidated Traction Co.* v. *Village of Oak Park,* 225 id. 9; *Connecticut Life Ins. Co.* v. *City of Chicago,* 217 id. 352.) The profile attached to and made a part of the ordinance, in connection with the description of the tile drains in the ordinance, shows the grade at which these drains were to be laid. The natural surface of the ground and the grade ·of the drains are shown on the profile. It is a simple mat-

ter from this data, and the description in the ordinance, to determine the amount of the excavation necessary in order to lay these drains. The trial court therefore improperly sustained the third legal objection.

Under the objection that the ordinance fails to describe the sewer outlet, it is insisted that the point where the ten-inch tile drain is to have its outlet cannot be ascertained from the ordinance. Section 37 of the Local Improvement act provides that a copy of the estimate of the cost of the improvement and a copy of the ordinance shall be attached to the petition filed in the court in local improvement proceedings. The estimate of the improvement and the ordinance can be read together to see whether there is any substantial variance. (*City of Chicago* v. *Soukup,* 245 Ill. 634, and cases cited.) They can also be read together for the purpose of removing any uncertainty as to the description of the improvement in the ordinance. (*Beers* v. *City of Chicago,* 225 Ill. 376.) The estimate shows the number of lineal feet of ten-inch sewer pipe to be used in the construction of the improvement and the cost thereof. When the length of the tile drain is considered in connection with the ordinance, and the profile and plan annexed thereto, the location of the outlet for the ten-inch sewer is not indefinite or uncertain.

It is further urged by appellee that the description of the catch-basins is not sufficiently definite. As no cross-errors were assigned we cannot consider this question.

The judgment of the county court dismissing the petition will be reversed and the cause remanded to that court, with directions to overrule the legal objections and for such further proceedings as are required by law.

*Reversed and remanded, with directions.*