## Pelegie De Scheppers, Executrix, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

## Gen. No. 5,718.

1. ORDINANCES—*proof.* Where an ordinance is declared on as entitled in a certain manner and a certified copy of an ordinance so entitled is introduced, the question is only whether there is proof of the ordinance substantially as pleaded where defendant introduces evidence that the title of the ordinance in question is not as pleaded and certified.

2. ORDINANCES—*what proof sustains declaration.* Proof of an ordinance entitled "Ordinance regulating the speed of railway trains," sustains an allegation in the declaration that the ordinance in question is entitled "Ordinance regulating the speed of railway trains and prescribing conditions of operation."

3. ORDINANCES—*title.* There is no requirement of law that an ordinance be entitled.

4. APPEALS AND ERRORS—*bill of exceptions.* An action of the trial court cannot be assigned as error in the Appellate Court where it is not shown in the bill of exceptions but appears among the record entries certified by the clerk.

5. ORDINANCES—*publication.* If an ordinance prescribes no penalty it is not necessary that it be published.

6. ORDINANCES—*validity where no penalty prescribed.* An ordinance may be valid though it prescribes no penalty.

7. NEGLIGENCE—*when crossing railway tracks not, as matter of law.* It is not negligence as a matter of law to attempt to cross railway tracks on a public highway in front of approaching trains.

8. CONTRIBUTORY NEGLIGENCE—*when for jury.* If an engine which struck and killed a person who attempted to cross the track was running at a speed prohibited by ordinance or at a dangerous speed, the railway company may be said to have been acting at its peril and it is a question for the jury whether an ordinary prudent man would have discovered the danger where deceased started to cross the track after a freight train had passed on a track nearer him, when he might have seen the engine approaching and where he could have crossed in safety if it had been running at the speed prescribed by ordinance.

9. DUE CARE—*instructions.* In an action for wrongful death caused when deceased was struck by a railway engine defendant cannot complain of an instruction applied to the conduct of deceased defining "due care" and "reasonable care" as such care as a person of ordinary prudence and "skill" would exercise.

De Scheppers v. C., R. I. & P. Ry. Co., 179 Ill. App. 298.

Appeal from the Circuit Court of Rock Island county; the Hon.
Frank D. Ramsay, Judge, presiding. Heard in this court at the
October term, 1912. Affirmed. Opinion filed March 12, 1913.

Jackson, Hurst & Stafford, for appellant; M. L.
Bell, of counsel.

J. T. & S. R. Kenworthy, for appellee.

Mr. Justice Carnes delivered the opinion of the
court.

On August 15, 1910, August DeScheppers was struck
and killed by an engine of appellant on the crossing
of Thirteenth street in the city of East Moline. He
left surviving him a widow and four adult children.
This action was brought against appellant to recover
for the loss of next of kin and resulted in a verdict
and judgment for $4,576, from which defendant below
appealed. The declaration in different counts charged
that the engine was run at a high and dangerous rate
of speed; in a wrongful, heedless, reckless and wanton
manner at a high and dangerous rate of speed without
keeping any lookout or watch or paying any attention
to said crossing or to persons who might be upon the
same; and running in violation of an ordinance of
said city, limiting the rate of speed to eight miles per
hour. Appellant's double tracks across Thirteenth
street east and west at right angles with the street;
the north track is used for west-bound and the south
track for east-bound trains. Deceased was walking
south on the west side of the street and as he reached
the railroad right of way a freight train was going
west. After the rear of that train passed him he went
on to go across and had stepped upon the nearest rail
of the south track when several men in that vicinity
who saw an engine approaching from the west called
out to him. He hesitated, looked toward them easterly,
then looked west, apparently saw the engine and
started to run diagonally southwest across the track

and just as he was leaving the south rail he was struck by the engine and thrown forty or fifty feet, resulting in his instant death. Plaintiff declared on an ordinance entitled, "Ordinance regulating the speed of railway trains and prescribing conditions of operation." She introduced in evidence, without objection, a certified copy of section 1 of an ordinance with the title as plead, limiting the rate of speed of such an engine to eight miles an hour. This copy was properly certified under section 14 of chapter 51 of our statute, and no reason is suggested why it was not at least *prima facie* evidence sustaining the count in the declaration. Defendants below, as a part of their evidence and on the theory that said proof of said ordinance was only *prima facie* and subject to rebuttal, called the city clerk who had certified to the copy in evidence and introduced proof tending to show that the title of the ordinance in question was not as plead and certified, but that it was "Ordinance regulating speed of railway trains," without the words "And prescribing conditions of operation" which last mentioned words appeared in the title as plead. Some of this evidence was admitted by the court and some of it excluded. The court was not asked to strike out the certified copy of the ordinance from the evidence and no specific objection was made to it on the ground of variance from the ordinance plead. Defendants proceeded on the theory that their proof, heard and offered, overcame the *prima facie* evidence of the certificate that there was in force the ordinance plead. It is not necessary to determine whether the certified copy of the ordinance was only *prima facie* evidence of its existence. All the proof taken together showed that the ordinance existed with the question only as to its title, which may, or may not, have been exactly as plead. Had the question arisen on objection to the proof of the ordinance when offered, or on motion to strike it from the record on the ground that there was a vari-

ance between the pleadings and proofs offered, such objection could have been easily met by amendment of the declaration, had the court been of the opinion that there was a variance; but as presented the question was only whether there was proof of the ordinance substantially as plead. We are of the opinion that had all the proof been admitted and had it been clearly shown thereby that the title as plead differed as above stated from the title proved, there was no material difference; that proof of an ordinance with the title indicted by defendant's evidence and offer of evidence, sustained the allegation in the declaration. There is no requirement of law that an ordinance be entitled. Harris v. People, 218 Ill. 439; Chicago & E. I. R. Co. v. Hines, 82 Ill. App. 488. Even the style prescribed by statute may be departed from and the ordinance still valid. Law v. People, 87 Ill. 385; People v. Burke, 206 Ill. 358.

Appellants' counsel call our attention to a motion at the close of the evidence to withdraw from the consideration of the jury the count in the declaration in which this ordinance was plead and the action of the court in overruling that motion. This action of the court is not shown in the Bill of Exceptions but appears among the record entries certified by the clerk of the court. It is familiar law that exceptions cannot be so preserved. Aden v. Road Dist. No. 3, 197 Ill. 220. But we are of the opinion that the motion did not present for the consideration of the trial court a question of variance between the allegations and the proof. The proof offered by defendants on this question also tended to show that the ordinance was not published in the manner certified by the clerk. So far as the record shows the ordinance prescribed no penalty for its violation. If it did not, it was not necessary that it be published and it was a valid ordinance though it prescribed no penalty. Chicago & E. I. R. Co. v. Hines, *supra*. We hold that the ordinance plead was substantially proven.

The proof compels the conclusion that the engine in question was running at least fifteen miles an hour and would support a finding that it was running thirty miles an hour, therefore there is no question but appellants were running in violation of the speed ordinance of the city. A factory was located near the street crossing and it was a question for the jury whether, considering the proximity of this factory and the number of people that might be passing along the the street at this point, it was running at a high and dangerous rate of speed, or even in a reckless and wanton manner, without reasonable regard to the crossing and persons that might be upon the same. It is urged that the evidence does not show that deceased was in the exercise of ordinary care for his own safety, and that it is clearly a case of contributory negligence. As deceased approached the tracks from the north he was stopped by a freight train moving west; as soon as that train cleared the street he proceeded south to cross the two tracks which were located about eight feet apart. He saw, or might have seen, the approaching engine. There is some conflict in the evidence as to how far from him that engine was when he first might have seen it, but there is no doubt under the evidence had it been running at a speed of eight miles an hour, or even twelve, he had ample time to cross the tracks in safety. It is not negligence as a matter of law to attempt to cross railway tracks on a public highway in front of approaching trains. It is a question of how far distant the engine is and how fast it is approaching. A crossing would be perfectly safe with an engine approaching at eight miles an hour and highly dangerous with one approaching from the same point at thirty miles an hour. If the engine was running at a speed prohibited by ordinance, as it certainly was, or at a dangerous rate of speed, considering the locality, as the jury might well have found it was, appellant may be said to have been acting at its

peril, and it was a fair question for the jury whether an ordinary prudent man in the situation of deceased would have discovered the high rate of speed and the consequent danger of attempting to cross in front of the engine. We are reminded by appellant that deceased was a man fifty-nine years old and had for some time been working in the factory near the place as superintendent and was no doubt familiar with the tracks and operation of trains thereon, but there can be no presumption indulged that engines had been there run in violation of the ordinance in question. It is rather to be presumed that the rate of speed at which this engine was running was unusual and more calculated to mislead a person familiar with the surroundings than one not acquainted therewith.

Complaint is made of an instruction offered by appellee defining the term "due care" and "reasonable care." In that instruction the jury were told that it is such care as a person of ordinary prudence and "*skill*" would exercise, etc. The criticism is directed entirely to the use of the word "*skill*." The jury were properly advised in an instruction read for appellants that "due care" and "ordinary care" is such as an ordinarily prudent person would exercise, etc. There is no question but this is the proper definition of ordinary care and it is true in this case that the question of ordinary care of the part of deceased was close enough to require accurate instructions in reference thereto, but we cannot see how defendants were harmed by an instruction advising the jury that deceased must not only have measured up to the standard of ordinarily prudent persons, but also to that of ordinarily skilful persons. No doubt a standard of ordinary prudence and skill is as high as one of ordinary prudence only, and a jury might properly consider it as demanding more care than merely prudent people ordinarily exercise. Therefore the court erred in prescribing too high a standard of care on the part of deceased, of which the defendant cannot complain.

The instructions using the words "due care" and "ordinary care" were all applied to conduct of the deceased at the time in question under these instructions. The attention of the jury was not called to any question of due care or ordinary care exercised by or required of defendant.

We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*