THE CITY OF WAUKEGAN, Appellee, *vs.* GEORGE H. BUR-NETT *et al.* Appellants.

*Opinion filed June 24, 1915.*

1. SPECIAL ASSESSMENTS—*when provision as to grading park-ways is not invalid.* A provision in a paving ordinance that the grading of the parkways shall be done in a certain manner but that no grading of the parkways is to be done where no sidewalks shall exist at the time of making the improvement does not render the matter of grading so uncertain as to preclude an estimate of the cost of grading with reasonable certainty and is not invalid.

2. SAME—*the estimate and ordinance should be read together.* The fact that the ordinance does not specify the material of which certain stakes to be driven behind the curb of oak planks were to be made is not fatal to the validity of the ordinance, where the estimate specifies such material as cedar, so that, reading the ordinance and estimate together, as should be done, there is no uncertainty.

3. SAME—*when cost of labor need not be stated in a separate item.* Where the estimate of cost contains a statement that it includes all labor, materials and all other expenses attending the making of the improvement, the cost of labor need not be stated in a separate item.

4. SAME—*what is not a fatal defect in the estimate.* That the estimate, which includes an item of the cost of six hundred feet of wooden curb supported by cedar posts, fails to state the size, length and number of posts and the distance between them is not

a fatal objection, where the ordinance fixes the size, length and distance between the posts, so that the number is merely a matter of computation.

5. SAME—*what is not a variance between estimate and ordinance.* The fact that the estimate does not mention the grading of parkways or the cost of the same does not constitute a variance between the estimate and the ordinance providing for such grading, where the estimate gives the total number of cubic yards of grading and purports to include all the grading necessary for the construction of the improvement.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

COOKE, POPE & POPE, for appellants.

ARTHUR BULKLEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lake county confirming a special assessment for a public improvement in Washington street, in the city of Waukegan, by paving the roadway with brick, with a concrete combined curb and gutter on each side and constructing a concrete box-culvert.

A former judgment confirming a special assessment for a like improvement of the street was reversed for a failure to itemize the estimate of cost of the improvement and the cause was remanded to the county court. (*City of Waukegan* v. *Wetzel*, 261 Ill. 498.) Afterward the ordinance under which the assessment now in question was levied was passed by the city council on May 18, 1914, obviating some objections to the former ordinance. The ordinance provided for paving Washington street from the west line of West street to the western limits of the city, that part of the roadway east of Edison court to be forty-four and a half feet wide and that part west of Edison court to be

268 — 29

forty feet wide, and excepting a portion eight feet in width in the center of the roadway which was to be paved by the Waukegan, Fox Lake and Western Railway Company, and two other portions, each one hundred feet in length east and west and about twenty-five feet in width north and south, to be paved by the Chicago and Milwaukee Electric Railroad Company. There was to be a combined concrete curb and gutter on each side of the roadway and a re-enforced concrete box-culvert of six feet span across the street, and the parkways were to be graded where there were sidewalks. The court heard legal objections and overruled them, and the objectors having waived further controversy upon the record, a judgment was entered and an appeal was allowed and perfected.

In the argument two reasons are given in support of the objection that the ordinance was invalid. The first reason alleged is that the ordinance provided that the parkways should be graded so as to coincide with a right line from the top of the combined curb and gutter to the outside edge of the sidewalks, but no grading was to be done where no sidewalks should exist at the time of making the improvement, except back-filling for proper protection of the curb, which made the ordinance uncertain as to the amount of grading to be done, so that no intelligent estimate of the cost could be made. Counsel say it could not be known, when the ordinance was passed, what sidewalks might be built in the interval between its passage and the construction of the improvement, which would require additional grading that could not be foretold. There is no bill of exceptions in the record and therefore no evidence that any more than some trifling part of the street was without sidewalks when the ordinance was passed, but in almost every case there is some possible contingency which might change, to some extent, the estimate of cost. If the argument made should prevail, mere possibilities not affecting the ability to form, with reasonable certainty, a judgment

as to the cost of the improvement would prevent its being made. An ordinance providing for a curb along the sides of a street to be paved must except intersections of other streets and alleys, but there would always be a possibility that a street or alley might be vacated so that the curb would have to be constructed across the space it had occupied, and such an ordinance never could be passed free from such a contingency. The court did not err in overruling the objection.

The other objection going to the validity of the ordinance is, that the material of which certain stakes were to be made was not specified in the ordinance. It was provided that at all unpaved intersecting roadways and at the intersection of a "Y" switch track there should be placed a curb of oak plank three inches thick and ten inches deep, securely backed by stakes not less than three by four inches and three feet long, driven behind the curb at intervals of not more than three feet, and extending from curb line to curb line and across the switch track. The objection is that the ordinance did not state the material of which the stakes were to be made. That is true, but the estimate of cost submitted with the ordinance described the material as cedar, and the ordinance adopted and approved the recommendation and estimate of cost and recited that the recommendation and estimate of cost were attached thereto. Reading the ordinance and estimate together, there is no uncertainty as to the material of which the stakes were to be made, and the estimate and ordinance are to be read together for that purpose. (*Beers* v. *City of Chicago,* 225 Ill. 376; *City of Chicago* v. *Soukup,* 245 id. 634; *City of Hillsboro* v. *Grassel,* 249 id. 190; *City of Chicago* v. *Edens,* 261 id. 272.) That objection was not good.

The remaining objections relate to the alleged insufficiency of the estimate of cost and a variance between it and the ordinance. It is said that the cost of the construction of the cement concrete box-culvert was not sufficiently

itemized by giving only the number of cubic yards of excavation, the cubic yards of cement concrete, the number of pounds of re-enforced steel, and the number of lineal feet for gas pipe for a hand-rail, which were separately stated. The estimate did not separately state the cost of the labor in construction, but the estimate states, generally, that it includes all labor, materials and all other expenses attending the making of the improvement. Where such a statement is contained in the estimate the cost of labor need not be stated in a separate item. *City of Chicago* v. *Singer,* 202 Ill. 75; *Gage* v. *Village of Wilmette,* 230 id. 428.

The next proposition is, that the estimate, which includes an item of cost of six hundred feet of wooden curb supported by cedar posts, fails to state the size, length and number of posts and the distance between them. The ordinance fixes the size, length and distance between the posts and the number is a mere matter of computation. It was not necessary to state the number of stakes in the estimate.

The last objection is, that there was a variance between the ordinance and estimate because the estimate made no mention of the grading of the parkways or the cost of the same. The estimate gave the total number of cubic yards of grading and it purported to include all the grading necessary for the construction of the improvement. An estimate of the cost of an improvement is sufficiently itemized if it is so specific as to give property owners a general idea of the cost of the substantial, component parts of the improvement. *Hulbert* v. *City of Chicago,* 213 Ill. 452; *City of Chicago* v. *Soukup, supra.*

The court did not err in overruling the objections and entering judgment.

The judgment is affirmed.          *Judgment affirmed.*