(No. 11780.—Reversed and remanded.)
THE CITY OF STAUNTON, Appellant, *vs.* JESSE BOND *et al.*
Appellees.

*Opinion filed December 19, 1917.*

1. SPECIAL ASSESSMENTS—*ordinance for sidewalk should fix the grade of the improvement.* The ordinance is the basis for all improvements under the Local Improvement act, and an ordinance for a sidewalk should, either directly or by reference to specifications, fix the grade for the sidewalk.

2. SAME—*grade of improvement is sufficiently fixed by reference to established datum.* The grade is sufficiently fixed for a local improvement where the ordinance refers to an established datum, to locate which a fixed monument, such as a building, sidewalk or the physical situation of the public grounds or streets, may be taken into consideration.

3. SAME—*when plats are a part of an ordinance without express words to that effect.* Plats referred to in an improvement ordinance for the purpose of fixing the grade of a sidewalk and attached to the ordinance are as much a part thereof as if the ordinance had used the express words "and are made a part hereof."

4. SAME—*when appellant need not present bill of exceptions.* Where the appellant questions only the court's ruling that an improvement ordinance is invalid because it does not sufficiently fix the grade of a sidewalk, the question so presented arises on the record without a bill of exceptions showing the entire proceedings in the court below.

5. SAME—*when cross-errors cannot be considered without a bill of exceptions.* Cross-errors based upon matters that are not preserved in the common law record cannot be considered by the Supreme Court where no bill of exceptions containing such matters has been preserved by either the appellant or the appellees.

6. SAME—*when sidewalk ordinance does not provide for double improvement.* A local improvement ordinance may provide for sidewalks on more than one street in the same city (if such streets are adjacent) without being subject to the objection that it provides for a double improvement; nor is such ordinance double because it provides for a sewer solely for the drainage of sidewalks.

7. SAME—*front-foot plan is not fatal if property is not assessed more than benefited.* Assessing on the front-foot plan is not necessarily fatal in a special assessment proceeding if the property is not assessed more than it is specially benefited.

8. SAME—*decision of commissioner as to public benefits cannot be reviewed by Supreme Court.* In a special assessment proceeding the commissioner determines the proper proportionate shares to be paid by the public and by the property owners, and while this decision can be reviewed by the trial court it is not open to review by the Supreme Court upon appeal or writ of error.

APPEAL from the County Court of Macoupin county; the Hon. ANDREW J. DUGGAN, Judge, presiding.

TERRY, GUELTIG & POWELL, for appellant.

H. H. WILLOUGHBY, and JESSE PEEBLES, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Macoupin county under the Local Improvement act, praying that steps be taken to levy a special assessment to pay the cost of certain sidewalks under an ordinance theretofore passed by the city authorities. Certain legal objections filed by appellees as to said assessment were sustained by the county court, and this appeal followed.

The court, in entering the order sustaining the objections, stated, among other things: "The court overrules all legal objections except those properly to be heard before a jury, and also excepting the objections that the grade of the proposed sidewalk has not been established in the manner provided by law, and as to this objection the court sustains the same for the reason that the recital contained in the ordinance that said grades shall be as shown by the profiles attached to the ordinance, and the actual attaching of such profiles so referred to to the ordinance itself, is not sufficient in the absence of express language in the ordinance making such profiles a part of the ordinance."

The ordinance in question provided with reference to the grade as follows: "The grade top of the finished surface of the outer edge of the sidewalks herein provided to

be constructed * * * shall be as shown on profiles hereto attached, at points indicated by figures denoting the elevation of the grade in feet and decimal parts thereof above datum plane hereinafter described. * * * The datum plane hereinbefore mentioned is a horizontal plane one hundred (100) feet below the top of the iron sill in the northeast corner of the building known as the city hall, located at the southwest corner of Main and Wood streets, in the city of Staunton, Illinois." The sole question raised by appellant is whether this provision of the ordinance is sufficient to fix the grade of the sidewalks.

The ordinance is the basis for all improvements under the Local Improvement act. "It must give such a description of the improvement that an intelligent and correct estimate of its cost can be made, and in order to do this the ordinance must, either upon its face or by reference to some other ordinance, map, plat, profile or specifications, indicate the grade of the street which it proposes to improve." (*Lindblad* v. *Town of Normal*, 224 Ill. 362.) "The authorities in this State all agree that a sidewalk ordinance, either directly or by reference to another ordinance, should fix the grade for the sidewalk; that the establishment of this grade is a legislative function, to be exercised by the council, and the power to establish the grade cannot be delegated to a committee or other official of the city; that if no such grade is established the ordinance is fatally defective." (*People* v. *Meerts*, 267 Ill. 210.) "Plans, profiles and specifications attached to the ordinance, and made a part thereof by reference, are as much a part of the ordinance as if they were incorporated *in extenso* in the body of the ordinance itself." (*City of Hillsboro* v. *Grassel*, 249 Ill. 190.) In *Hutt* v. *City of Chicago*, 132 Ill. 352, the ordinance provided that "South Canal street be and the same is hereby ordered extended from the southerly line of Lumber street to the northerly line of Archer avenue, by condemning therefor [certain described property] in ac-

cordance with the plan hereto annexed." Under that wording the court held that the plan was a part of the ordinance, and that ruling was approved by this court in *City of Hillsboro* v. *Grassel, supra.* In *People* v. *Willison*, 237 Ill. 584, this court said (p. 587) that "the description of the locality in an ordinance is sufficient if a competent surveyor could by it fix the locality of the improvement. [Citing authorities.] Necessarily, the surveyor must not only look to the ordinance but to any plats or maps which are properly a part of the legal records, in order to determine the locality of the local improvement." And it was there held that the surveyor had a right to take into consideration a fixed monument, such as a building, sidewalk or the physical situation of the public grounds or streets, to assist in fixing the location of the improvement.

The grade is sufficiently established for local improvements where the ordinance refers to an established datum. (*Chicago Terminal Transfer Railroad Co.* v. *City of Chicago*, 184 Ill. 154; *Givins* v. *City of Chicago*, 186 id. 399.) We think it is clear that under these authorities it must be held that the plats referred to in the ordinance were these plats and profiles, and were made a part of the ordinance as much as if the ordinance itself had added to the words "are hereto attached," the further words, "and are made a part hereof." Any person who was studying the ordinance to ascertain the character of this improvement, beyond question would understand by the words the ordinance actually used that the profiles were made a part of the ordinance for the purpose of fixing the grade, and also that in order to find this grade it might be necessary to locate the city datum with reference to the iron sill in the city hall. This being so, the trial court should not have sustained the legal objection that the ordinance was invalid because the grade of the improvement was not fixed by the ordinance.

Counsel for appellees have filed cross-errors on this hearing questioning the rulings of the court in overruling cer-

tain other legal objections which they say should have been sustained. They also insist that the appellant should not have the case reversed, because it has not shown by a bill of exceptions the entire proceedings in the court below. The appellant only questioned the ruling of the court as to the validity of the ordinance on the grade of the sidewalk being fixed, and therefore was not required to present a bill of exceptions as to other matters heard by the court. The ordinance was presented in the record without the necessity of a bill of exceptions. If appellees desired to raise any other questions that are not preserved in the common law record and question the sufficiency of the court rulings on such other questions they should have preserved the evidence as to those questions themselves by a bill of exceptions and brought them to this court. The evidence on some of the objections as to the rulings of the trial court on questions raised on cross-errors was not preserved, and those questions cannot, therefore, be satisfactorily and finally passed upon.

The first cross-error assigned is that the county court erred in refusing to sustain the objection to the ordinance that it provided for a double improvement, first, as we understand appellees' argument, because it provided for sidewalks on more than one street in said city. Of course, such an objection is not tenable. The local improvement ordinance may provide for sidewalks on more than one street in the same city (if such streets are adjacent) without making the ordinance a double improvement.

It is further insisted the ordinance is double because it provides for a sewer for drainage purposes. It seems to be apparent from the parts of the ordinance preserved in the record and presented here that said sewer was included in the ordinance purely for the purpose of drainage of the sidewalks. If this is so, under the reasoning of this court in *Murphy* v. *City of Peoria,* 119 Ill. 509, such a requirement as to a sewer would not make the improvement double.

It was held in that case that a city, under its general power, may properly provide by one ordinance that a street shall be improved by grading the same, the sodding of the center thereof, the graveling of the sides and for the construction of a sewer under the same. (See, also, on this point, *City of Carbondale* v. *Walker,* 240 Ill. 18.) This objection was properly overruled.

Appellees assign the further cross-error that the county court erred in overruling the objection that the ordinance in question should be held invalid because it is unjust, oppressive and unreasonable in its provisions. The evidence heard by the trial court on this question not being before us, it is impossible to decide whether the court erred in overruling this objection.

It is further urged that the county court erred in overruling the objection that the assessment, as shown by the assessment roll, was void because it was a front-foot assessment. Assessing property on the front-foot plan is not fatal in a special assessment proceeding under the present statute. Under no circumstances, no matter what plan is followed, can property be assessed in a special assessment proceeding more than it is specially benefited. *City of Chicago* v. *Marsh,* 251 Ill. 298; *City of Nokomis* v. *Zepp,* 246 id. 159.

The question is also raised in appellees' brief that the city should have been assessed a part of the cost of this improvement for the drainage and sidewalks. In a special assessment proceeding the commissioner decides the proper proportionate shares to be paid by the public and property owners. While this decision can be reviewed by the trial court, it is not open to review upon appeal or writ of error by this court. *Graham* v. *City of Chicago,* 187 Ill. 411; *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 id. 296; *Village of Bradley* v. *New York Central Railroad Co.* 277 id. 608.

The questions on cross-errors based on evidence taken before the trial court and not before us cannot be finally passed upon by us. As this case must be reversed for further proceedings in harmony with the views herein expressed, if appellees desire to present evidence as to the unreasonableness of the ordinance they are authorized so to do, and the counsel for the city can introduce any evidence they desire on the same subject, and the court, after hearing such evidence, can make such rulings on these questions as in the judgment of the trial court are required.

The judgment of the county court is reversed and the cause is remanded for further proceedings in harmony with the views herein expressed. *Reversed and remanded.*

---

(No. 11649.—Reversed and remanded.)
ALWINE PALENSKE, Appellee, *vs.* REINHOLD PALENSKE *et al.* Appellants.

*Opinion filed December 19, 1917.*