RANDOLPH E. FISHBURN *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 14, 1898.*

1. CONTRACTS—*public contracts which tend to prevent competition or create monopoly are void.*  Contracts, in which the public are interested, which tend to prevent the competition required by some statute or rule of law, or to create monopoly, are void.

2. ORDINANCES—*an ordinance creating monopoly or preventing competition is void.*  An ordinance making the use of a certain article within the control of a single person or corporation indispensable in the construction of an improvement to be let to the lowest responsible bidder, is void, as creating a monopoly in favor of such person or corporation, and as preventing competition by limiting the bidders to those persons able to make the most advantageous terms with the favored person or corporation.

3. EVIDENCE—*evidence is admissible to show that ordinance will tend to create monopoly or prevent competition.*  Where an ordinance for a pavement to be constructed by the lowest responsible bidder requires the cement to be made from asphaltum "obtained from Pitch Lake, in the island of Trinidad," evidence that such lake is owned by a single corporation engaged in manufacturing cement, and that the asphaltum from such lake is not superior to that used by competing cement manufacturers, may be introduced to show the ordinance tends to prevent competition and create monopoly.

4. MUNICIPAL CORPORATIONS—*city council may make some particular material the standard of quality.* A city council may determine that some particular material within the control of a single person or corporation is best adapted for use in the construction of an improvement, but the ordinance should be so framed as to make such material the standard of quality and fitness, and to require the material furnished for the work to be equal to that standard.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WILSON, MOORE & McILVAINE, and CHARLES D. RICH-ARDS, for appellants.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition for judgment confirming a special assessment to defray the expense of improving Gladys avenue, in the city of Chicago. Objections interposed by the appellants were overruled and judgment entered in accordance with the prayer of the petition. This is an appeal to bring the judgment into review in this court.

The ordinance provides that "the cementing material shall be a paving cement prepared from refined Trinidad asphaltum obtained from Pitch Lake, in the island of Trinidad," and the objection is, that the effect of this provision is to prevent competition among those desiring to contract to perform such work and furnish the material necessary to complete the improvement. It is conceded this alleged objection does not appear from the face of the ordinance, but appellants offered to produce evidence to show said Pitch Lake in the island of Trinidad is, and was when the ordinance was passed, the private property and under the absolute control of the Barber Asphalt Company; that said Barber Asphalt Company is a private corporation, having its principal office in the city of Chicago; that there were at least five other companies or corporations having offices in the city of Chicago engaged in the business of selling asphaltum procured in the island of Trinidad for street paving, but

not procured at Pitch Lake in said island, but which asphaltum was equal for street paving purposes to the asphaltum obtained from said Pitch Lake, and that all of said companies and said Barber Asphalt Company were competitors in the business of supplying asphaltum for paving streets in the city of Chicago.

It is a well settled general rule that all contracts in which the public are interested which tend to prevent competition, whenever a statute or known rule of law requires competition, are void. *City of Chicago* v. *Rumpff*, 45 Ill. 90; *People ex rel.* v. *Chicago Gas Trust Co.* 130 id. 268; *Foss* v. *Cummings*, 149 id. 353; 1 Addison on Contracts, p. 273; 2 Beach on Modern Law of Contract, sec. 1108.

The statute, by the authority of which the city council enacted the ordinance under consideration, provides as follows: "All contracts for the making of any public improvement, to be paid for in whole or in part by a special assessment, and any work or other public improvement, when the expense thereof shall exceed $500, shall be let to the lowest responsible bidder, in the manner to be prescribed by ordinance—such contract to be approved by the mayor or president of the board of trustees: *Provided, however*, any such contract may be entered into by the proper officer without advertising for bids, and without such approval, by a vote of two-thirds of all the aldermen or trustees elected." 1 Starr & Curtis' Stat. 1896, chap. 24, par. 166, p. 777.

The ordinance in question provided the contract to perform the work should be awarded to the lowest responsible bidder. If the requirement that the asphaltum to be used in the improvement should be obtained from Pitch Lake, in the island of Trinidad, tended to restrict competition among those who might desire to become bidders for the performance of the work of improving the street, or tended to create a monopoly in favor of any one having for sale the asphaltum necessary to be used in the work of paving the said street, it would

fall under the ban of this general rule of the law, and should be declared inoperative and void. It does not appear from the face of the ordinance that the effect is necessarily to so prevent competition or create a monopoly, but the proffered proof, which the court excluded, unmistakably disclosed that the asphaltum required by the ordinance to be used in making the street was a product which could only be obtained by purchase from a single corporation. The direct effect of the requirement, therefore, was to create a monopoly in favor of that corporation and to restrict competition in bidding accordingly.

The principle under which the rejected evidence under consideration must be, as it is, held by us to be competent, came before this court for discussion in the cases of *City of Chicago* v. *Rumpff*, and *City of Chicago* v. *Turner*, which cases were consolidated and decided together, and are reported in 45 Ill. 90. The conclusion of the court was that the ordinance then under consideration tended necessarily to create a monopoly and was therefore void; and the doctrine of the case is approved in *People* v. *Gas Trust Co. supra*, and *Foss* v. *Cummings, supra*.

The only cases to which we have been referred which support the view that a city, when providing by ordinance for a public improvement where the work is to be done and materials to be furnished by the lowest responsible bidder, may, by provisions in the ordinance, restrict the bidders to or provide for use of an article solely controlled by one person, are cases where the city desired to use some patented article or process covered by a patent. The Supreme Courts of Michigan and of New York (in the former State by a divided court) entertained the view that an ordinance which provided a contract should be let to the lowest bidder for the improvement of the street by the use of a designated patented pavement was valid, and the decision of the Supreme Court of Kansas in *Yarnold* v. *City of Lawrence*, 15 Kan. 126, is frequently cited as

an authority in support of the same view of the question. In *Yarnold* v. *City of Lawrence, supra,* the decision was rested upon the ground the statute of that State did not require the contract in question should be let to the lowest bidder, and for that reason that court upheld the ordinance without deciding the question here involved. The Supreme Court of Wisconsin and other States have adopted the view that such ordinances are void, and Mr. Dillon, after discussing the question in the first volume of his work on Municipal Corporations, (in section 469,) says: "The question is close, but there seems so far a tendency in the courts to adopt the Wisconsin view."

In all of the cases where an ordinance has been held valid which provided for the use of some patented article or process, the argument most relied upon by the courts to justify the view the ordinance was valid is, that municipal corporations ought not to be denied the right to avail themselves of the advantages arising from the discoveries and inventions of the age, and that when the general government protected a discovery or invention by a patent, which created a monopoly therein, competition in the purchase or use of such patented article or process became impossible, and that the monopoly which it was urged the ordinance tended to create in fact had legal existence entirely independently of the ordinance, and that therefore the ordinance did not have any effect to create a monopoly or prevent competition among bidders. In Mr. Dillon's view these cases are rather overcome by the current of authority, but if they should be accepted as stating the correct rule they have little application to the case in hand, for the reason the monopoly created under the ordinance under consideration is not in favor of a patented article. The asphaltum offered for sale by the Barber Asphalt Company has no superior legal right in the markets and is not entitled to be given any by the terms of the ordinance, nor is it lawful for the ordinance to give it an improper preference, but it should

be left to depend upon its merits for any monopoly it may obtain in the good opinion of the public.

But it may be said, cities, in the construction of public improvements, ought to have, as have individuals in the construction of private structures, the right to select for use the article or substance best fitted and adapted to the purpose, and that to deprive the public of the right to select and use such superior articles is opposed to public policy and positively disadvantageous to the public. The force of this argument must, of course, be admitted; but upon reflection it is readily seen it is not necessary to foster and create a monopoly, and prevent competition in the letting of public contracts, by providing in ordinances that a certain substance or article, and no other, shall be used. If it be the judgment of the city council that the most suitable and best material to be used in any contemplated improvement is the product of some particular mine or quarry, or some substance or compound which is in the control of some particular firm or corporation, the ordinance might be so framed as to make such production, substance or compound the standard of quality and fitness, and to require that material equal in all respects to it should be employed. An ordinance making it indispensable that an article or substance in the control of but a certain person or corporation shall be used in the construction of a public work must necessarily create a monopoly in favor of such person or corporation, and also limit the persons bidding to those who may be able to make the most advantageous terms with the favored person or corporation. If all the ordinances adopted by the city council of the city of Chicago providing for the paving of streets and public places in the city should select the stock in trade of a particular firm or corporation as the only material to be used in making such street improvements, the evil would be intolerable; and if they may lawfully select such article in one ordinance it cannot be unlawful to make it the

settled policy of the city that material for paving streets shall be purchased of but one seller.

Because of the error of the court in ruling the proffered testimony was inadmissible, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*