E. J. LORD *v.* THE CITY AND COUNTY OF HONO-LULU; J. A. GILMAN, AND JAMES BICKNELL, AUDITOR OF THE CITY AND COUNTY OF HONOLULU.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MAY 17, 1910.                    DECIDED MAY 21, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

MUNICIPAL CORPORATIONS—*contract for patented pavement—competitive bids.*

The statute, Sec. 1, Act 62 S. L. 1909, does not require competitive bids for a contract by the City and County of Honolulu for a patented street pavement as the same does not admit of competition.

OPINION OF THE COURT BY HARTWELL, C.J.

With the exception below mentioned the case is correctly stated by the plaintiff as follows: "This is a bill for injunction brought by a taxpayer to restrain the City and County of Honolulu from entering into a contract with J. A. Gilman for the paving of a portion of Fort Street, Honolulu, and to restrain the auditor of the city and county from making payments under said contract. The complaint is based on the facts that this contract involves the expenditure of over $500, to-wit about $16,000, of public money for a public work, and that it was awarded without public advertisement for tenders, and was not awarded to the lowest bidder, as required by law. The case was heard upon the bill of complaint and upon the return of respondents to an order to show cause why an injunction should not issue; and from the decree of the third judge of the first circuit court thereupon made dismissing the bill, this appeal is taken. By stipulation also, the return is adopted as the answer of the respondents, so that the decree is final. The

answer of the respondents' return is: (1) That the complainant is without sufficient interest in the subject matter to entitle him to relief; (2) that the pavement mentioned in the bill of complaint is the product of a patented process which is in a class by itself, and that the respondent, Gilman, is the only person in Hawaii authorized to enter into contracts for installing and constructing such pavement in the Territory of Hawaii; from which the respondents conclude: That the execution of a contract for such 'Bitulithic' pavement would be for a purpose not admitting of competition." The plaintiff, however, admitted in his brief in reply and in argument that the answer was that Gilman was the only person authorized to enter into a contract for constructing the pavement in Hawaii.

The injunction was denied upon hearing the order to show cause.

Sec. 1, Act. 62 S. L. 1909, enacts: "No expenditure of public money, except for salaries or pay of officers or employees, or for permanent settlements, subsidies or other claims or objects for which a fixed sum or sums must be paid by law, or for other purposes which do not admit of competition, where the sum to be expended shall be, Five Hundred Dollars ($500.00) or more, shall be made, except under contract let after public advertisement for sealed tenders, in the manner provided by law; and no expenditure for public purposes shall be so divided or parcelled as to defeat or evade the provisions of this section. Provided, however, that any county, or city and county may, if its Board of Supervisors shall so decide, expend sums in excess of Five Hundred Dollars ($500.00) upon road work or repairs without contracting therefor."

The defendants' contention is (1) the plaintiff has no right merely as a taxpayer to the injunction prayed for; (2) the pavement contracted for is a patented process not admitting of competition, and (3) expenditure in excess of $500 is authorized upon road work or repairs "without contracting therefor" in the way required by statute, namely, upon competing bids.

The question whether a taxpayer's right to an injunction is confined to cases of unauthorized use of public money in which

he has a direct pecuniary interest and does not include cases of authorized use in a way inhibited by statute in which he has no pecuniary interest does not require consideration in view of the conclusion reached by us upon the second point.

We will consider whether the proposed expenditure for the patented pavement, not being for claims or objects "for which a fixed sum or sums must be paid by law," is "for other purposes which do not admit of competition."

What are purposes of expenditure which "do not admit of competition?" It is clear that the selection of the kind of pavement best adapted to the public streets of Honolulu, if new pavement is required, or deciding whether paving is likely to be better than the macadamizing to which the public is accustomed presents no judicial question.

The plaintiff submits that selecting a patented pavement obtainable from only one source is against the policy of the statute which is intended to prevent graft or favoritism and that in order to accomplish this object the requirement of competitive bids implies prohibition of such selections; and that the least that ought to be required is that a patented pavement obtainable from only one source ought not to be contracted for unless it is shown that other equally good pavement is not obtainable by advertising for competing offers. The plaintiff's contention that until bids are called for no one can say that agents elsewhere would not offer the patented pavement at a lower price than is asked by the local agent Gilman was expressly withdrawn in his brief in reply and in argument.

There is a limit beyond which arbitrary exercise of power cannot be avoided, and this is recognized by the exception in the statute from competition in respect of claims or objects "for which a fixed sum or sums must be paid by law." The expenditures "for other purposes which do not admit of competition" not being for sums of money fixed by law or ascertainable by means of competitive bids must be determined by the

reasonable exercise of discretion on the part of the board of supervisors, for how otherwise can they be determined? We are not authorized to declare that there can be no expenditures for street paving or that no patented pavement can be purchased unless its owner has agents ready to underbid each other in selling it. To declare such a doctrine of law on the ground that it is public policy to prevent discretionary expenditures would obviously be to ignore the statute which contemplates such expenditures and would be an unwarranted assumption of judicial power. For the necessity or propriety of expenditures which do not admit of competition there can be no rule of law other than that of common honesty and intelligence. To submit the municipality to unnecessary or exorbitant expenses for street paving or for any other purpose points to the dreary graft and corruption abuses of which municipal government appears to be so often susceptible, and we are glad to observe that the plaintiff's attorneys say that they "do not claim nor infer there to be the slightest suspicion in this instance" of graft or favoritism. When a case of fraud is presented there will be no difficulty in obtaining an injunction from a court of equity, but this is not such a case.

Referring again to the meaning of the statute, it is a "purpose" not admitting of competition if, as in this case, the desired material is obtainable from no other person than the patentee's agent who alone can apply it to the required use. But the impossibility of obtaining this pavement from any one else than from Gilman, the sole agent for its sale in this Territory, is evident and to advertise for competing bids from other agents, whether within or without the Territory, would not only be useless but absurd.

Consideration then of the statute and of the facts in the case leads to the conclusion that the proposed expenditure under the paving contract is for a purpose which does not "admit of competition."

Lord v. City and County of Honolulu, 20 Haw. 175.

Against the plaintiff's citations of decisions upon construction of statutes to render them effective for their intended object and that a statutory requirement of competing bids impliedly prohibits the use of a patented pavement the defendants cite cases to the effect that courts have no power to enjoin the use by a municipality of patented street pavements although obtainable only from the patentee or his agent.

In the cases cited upon the right of a municipal corporation under statutes requiring competitive bids to use a patented pavement securing to the patentee a monopoly the courts reach directly opposite conclusions upon the principle involved but have no occasion to consider the effect of a statutory provision like our own which excepts expenditures for purposes which do not admit of competition.

The following cases illustrate the opposing views of general statutes upon the subject: Contract valid without advertisement: *Hobart* v. *Detroit,* 17 Mich. 245; *In re Dugro,* 50 N. Y. 513; *Silsby Mfg. Co.* v. *Allentown,* 153 Pa. St. 319; *Baltimore* v. *Flack,* 64 Atl. (Md.) 702; *Holbrook* v. *Toledo, Circuit Court of Lucas County,* Ohio, 1906; *Saunders* v. *Iowa,* 134 Ia. 132; *Swift* v. *St. Louis,* 180 Mo. 80; *Field* v. *Barber Asphalt Paving Co.,* 117 Fed. 925. Contract invalid without advertisement: *Dean* v. *Charlton,* 23 Wis. 590; *Fishburn* v. *Chicago,* 171 Ill. 338; *Monaghan* v. *Indianapolis,* 76 N. E. (Ind.) 424; *Fineran* v. *Central Bitulithic Paving Co.,* 116 Ky. 495; *Nicolson Pavement Co.* v. *Painter,* 35 Cal. 699; 1 Dillon, Mun. Corp., 3 Ed., §467.

The conclusion that competing bids are not required renders it unnecessary to consider the defendants' third point.

Decree affirmed.

*C. F. Clemons and C. C. Bitting (Thompson, Clemons & Wilder* on the brief) for plaintiff.

*F. W. Milverton, Deputy City and County Attorney (J. W. Cathcart, City and County Attorney,* with him on the brief), for defendants.