THE CITY OF NORTH CHICAGO, Appellee, *vs.* EDMUND A.
CUMMINGS *et al.* Appellants.

*Opinion filed February 17, 1915.*

1. SPECIAL ASSESSMENTS—*when objection that ordinance does
not provide outlet for sewer is not sustained.* An objection that
an ordinance for the construction of a storm and surface sewer
does not provide an outlet for the sewer is not sustained by the
record, where the ordinance shows the outlet of the sewer and the
proof shows that such outlet is a natural water-course of sufficient
capacity to carry off the water, and there is no objection that the
city has not the right to use the water-course.

2. SAME—*when description of catch-basin covers is indefinite.*
A description of catch-basin covers as weighing not less than 325
pounds and "of an approved pattern" is not sufficiently definite to
comply with the statute.

3. SAME—*when an indefinite description is not aided by sub-
sequent ordinance.* The uncertainty of description of catch-basin
covers, due to the use of the words "of an approved pattern," is
not cured by an ordinance, passed long after the ordinance for the
improvement, providing what the words "of an approved pattern"
shall mean when used in any ordinance with reference to catch-
basin covers.

APPEAL from the County Court of Lake county; the
Hon. PERRY L. PERSONS, Judge, presiding:

ELAM L. CLARKE, BULL & JOHNSON, and CHARLES H.
KING, for appellants.

MARTIN C. DECKER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of confirmation of
a special assessment for the construction of a storm and.
surface-water sewer in the city of North Chicago.

Two objections are urged: First, that the ordinance
does not provide an outlet for the sewer; second, that the
description of the covers of the catch-basins is insufficient.

The ordinance describes a sewer beginning in South Lincoln street at a point twelve feet south of the south line of Tenth street and thirteen feet west of the east line of South Lincoln street, and running thence south, with a gradually rising grade, in South Lincoln street and other streets. The center line of Tenth street is the boundary between the cities of North Chicago and Waukegan, and the evidence introduced shows that the place of beginning of the sewer, being its lowest point, is in a natural water-course five or six feet deep running north across Tenth street through a 48-inch pipe under the street into a ravine in the city of Waukegan and thence into Lake Michigan, and that this outlet is of sufficient capacity to provide for the storm and surface water flowing through the proposed sewer. An ordinance for a sewer which provides no outlet is invalid. (*Gage v. City of Chicago,* 191 Ill. 210.) Here, however, the ordinance clearly shows the location of the outlet. The evidence shows that such outlet is in a natural water-course of sufficient capacity to carry off the water, and there is no objection that the city has not the right to drain the water into this water-course. The objection that the ordinance fails to provide an outlet for the sewer is not sustained by the record.

The ordinance provides for nine catch-basins, each provided with a cast-iron cover weighing not less than 325 pounds, and "of an approved pattern." The statute requires the ordinance to prescribe the nature, character, locality and description of the improvement. In *Washburn* v. *City of Chicago,* 202 Ill. 210, and *McChesney* v. *City of Chicago,* 213 id. 592, we held that a description of the water supply-pipes, fire hydrants, crosses and tees to be used in a proposed improvement as "of the city of Chicago standard" was not a sufficient compliance with the statute as to the description of the improvement because it did not refer to any standard of which the court could take judicial notice and no proof was made of the existence of a city

of Chicago standard having a generally accepted meaning. The kind of catch-basin cover cannot be determined from the words "of an approved pattern," and the description is therefore insufficient.

To meet the objection an ordinance was introduced in evidence which was passed several months after the sewer ordinance and after the petition in this case was filed, which provided that the words "approved pattern," as applied to catch-basin covers, should be declared to mean "catch-basin covers of the same form, size, quality and pattern as the one now in use in the said city of North Chicago at the intersection of Broadway and State streets, in the said city." This ordinance did not cure the defect in the original ordinance. The statute requires all ordinances for a local improvement to originate with the board of local improvements and to be based upon an estimate to be made a part of the first resolution for said improvement. The words "approved pattern" have no such meaning, of themselves, as the ordinance declares shall be given to them, and when used in the ordinance had no such meaning. The estimate, resolution and ordinance, at the time they were made and adopted, did not refer to that meaning. The ordinance recommended by the board of local improvements and passed by the council was materially defective because of its failure to describe the catch-basin covers. The defect could not be cured by an ordinance passed long afterward, directing that the words used should be declared to mean something different from what they meant when the ordinance was adopted. The catch-basin covers described in the curative ordinance defining the meaning of the words "approved pattern" may or may not have been the kind which the board of local improvements had in mind in recommending and the council in passing the ordinance and the engineer in making his estimate. Because the ordinance leaves uncertain what it intended to express the ordinance is defective, and what was then intended to be

266 – 37

expressed cannot be made certain by a subsequent ordinance changing the meaning of the language used.

The appellee has cited a number of cases in which ordinances passed subsequently to the improvement ordinance have been admitted to obviate objections to the latter ordinance, as where a street improvement ordinance provided for water-works and electric light but failed to provide for a water supply or electric current, evidence of another ordinance providing for these connections was received to show that property owners would derive the benefit to accrue from the water supply and electric current; (*Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384;) where a sewer ordinance provided for openings on both sides for connection with lateral drains or sewers, evidence was admitted of ordinances for the construction of such lateral drains and sewers to show the good faith of the city in providing for such lateral connections; (*Gray* v. *Town of Cicero,* 177 Ill. 459;) and where a paving ordinance excepted a double-track right of way for a street railway, an ordinance was admitted in evidence which amended the original ordinance permitting the laying of a single track by permitting the laying of a double track though the latter ordinance did not go into effect until after the filing of the petition under the paving ordinance. (*City of Decatur* v. *Barteau,* 260 Ill. 612.) In none of these cases was any material part of the description of the proposed improvement changed by the ordinances admitted in evidence, but such ordinances were admitted only for the purpose of showing the relation of the proposed improvement to the property affected and to other existing or proposed improvements provided for by such ordinances, and the cases do not, therefore, affect the question in this case, which concerns only the description of the improvement.

The judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*