Syllabus.

# W. J. WEST, ON BEHALF OF HIMSELF AND ALL OTHER TAXPAYERS OF THE COUNTY OF HAWAII, SIMILARLY SITUATED, *v.* THE COUNTY OF HAWAII, SCHUMAN CARRIAGE COMPANY, LIMITED, AND SAMUEL M. SPENCER, AUDITOR COUNTY OF HAWAII.

## No. 1081.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

ARGUED APRIL 24, 1918.                    DECIDED MAY 7, 1918.

COKE, C. J., QUARLES AND KEMP, JJ.

PATENTS—*rights of purchaser from patentee.*

Where the manufacturer of an article protected by letters patent chooses himself to vend it, a purchaser can use the article in any part of the United States, and, unless restricted by contract with the patentee, can sell and dispose of the same.

COUNTIES—*purchasing property—tenders—competition.*

White automobile trucks contain parts protected by letters patent and are sold, in the first instance, only by the manufacturer and his authorized agents, but when sold the sale is without restriction as to resale. From these facts it follows that White automobile trucks admit of competition, and where the amount involved is one thousand dollars or more they cannot be purchased by a county without advertising for tenders as required by section 1418, R. L. 1915.

STATUTES—*construction—words and phrases.*

Construing a statute which provides that "No expenditure of public money except for * * * or for other purposes which do not admit of competition, where the sum to be expended shall be one thousand dollars or more, shall be made, except under contract let after public advertisement for sealed tenders in the manner provided by law:" Held, not to except from the provision requiring tenders the purchase of motor trucks, which admit of competition.

OPINION OF THE COURT BY KEMP, J.

On February 13, 1918, W. J. West filed in the circuit court of the fourth circuit his amended bill of complaint against the County of Hawaii, the Schuman Carriage Company, Limited, and Samuel M. Spencer, auditor of the County of Hawaii, the material allegations of which are as follows:

1. That the petitioner is a resident taxpayer of the Territory and County of Hawaii.

2. That the board of supervisors of the County of Hawaii on the 10th day of January, 1918, unlawfully and illegally appropriated or attempted to appropriate $21,-576.80 for the purchase of one touring automobile and three automobile trucks from the Schuman Carriage Company, Limited.

3. That the appropriation or attempted appropriation is illegal for the following reasons: (a) Because A. Akina, one of the members of the board of supervisors, was at the time of the appropriation, an employee of the Schuman Carriage Company. (b) Because no resolution or other legal proceeding had been passed or taken by the board of supervisors for the purchase of the automobiles in question. (c) Because no bids were called for as required by statute although said expenditure was for a purpose which admitted of competition.

The prayer was that said appropriation or attempted appropriation, and any resolution or proceeding or contract in relation thereto might be declared void and that the board of supervisors, the auditor of the County of Hawaii and the Schuman Carriage Company, Limited, might be permanently restrained from carrying out the said resolution and contract and that a temporary injunction might be issued pending the final determination of the proceeding and for other and general relief.

The temporary injunction and order to show cause was issued as prayed for.

To the amended bill of complaint the respondents filed their joint and separate answer alleging in substance: That the petitioner is not a resident taxpayer of the County of Hawaii. That A. Akina was a member of the board of supervisors but was not an employee of the Schuman Carriage Company, Limited, as alleged by petitioner. That the supervisors of the County of Hawaii desired to purchase one touring car and three automobile trucks and thereupon examined the various kinds of touring cars and automobiles available, and after such examination came to the conclusion that the cars manufactured by the White Company, a corporation of the State of Ohio, are superior to all others and particularly adapted to the uses to which the County of Hawaii intended to put them, and thereupon determined to purchase one White touring car and three White trucks. That at the time of making said determination the said supervisors discovered that said car and trucks were manufactured only by the White Company and sold only by said company through its authorized agents, and that no other person could or would sell or attempt to sell the said cars and that said cars are articles which were not subject to competitive selling. That Schuman Carriage Company, Limited, was the sole agent of the White Company in the Territory of Hawaii. That no person in the Territory of Hawaii could purchase said cars except through said Schuman Carriage Company, Limited. That there was a listed price and no purchase could be made at any other price. That many of the parts of said cars were patented and the White Company owned and controlled the patents; and that because of the matters aforesaid the said cars were articles which did not admit of competition in the sale thereof and that to advertise for bids for such cars would be a useless and nugatory act.

After a hearing on the facts the temporary injunction was, by decree duly entered, dissolved and the bill dismissed, from which decree the petitioner has appealed to this court.

The petitioner has practically abandoned two of the three contentions made by him at the trial, viz.: That one of the members of the board of supervisors was an employee of the Schuman Carriage Company, Limited, and that no resolution or other legal proceeding had been passed or taken by the board of supervisors for the purchase of the automobiles in question. The respondent offered no evidence to sustain his contention that the petitioner was not a resident taxpayer of the County of Hawaii, or to rebut petitioner's evidence that he was such taxpayer.

This leaves a single question for our consideration, to wit: Was the proposed expenditure, being for more than one thousand dollars, for a purpose which does not admit of competition? A portion of section 1418 R. L. 1915 is as follows: "No expenditure of public money except for * * * or for other purposes which do not admit of competition, where the sum to be expended shall be one thousand dollars or more, shall be made, except under contract let after public advertisement for sealed tenders in the manner provided by law."

The petitioner and respondents are not in accord on the question of which one must assume the burden of proving whether or not the purpose for which the money was to be expended was a purpose which did not admit of competition.

In view of the fact that there is practically no conflict in the evidence upon the issue in question it is of very little importance in this case which side has the burden of proof as this court must merely determine the legal effect of the undisputed evidence before it.

The real question upon which a correct decision in this case depends is the one above stated. If the proposed expenditure was for a purpose which admitted of competition the board of supervisors exceeded the authority conferred upon them by the statute quoted in undertaking the purchase without advertising for tenders. The board of supervisors have whatever power the statutes upon that subject have conferred upon them, and no other; and that power which they possess must be exercised in the mode prescribed by the statute, and in no other. The mode in such cases constitutes the measure of the power. With this principle as the measure of the power of the board of supervisors it follows that unless the proposed expenditure was for a purpose which did not admit of competition the board was without power to make it in the manner attempted. Indeed the principle is conceded, the contention of respondents being that the expenditure is for a purpose which does not admit of competition, and tenders therefore unnecessary.

The evidence having a bearing on this question comes almost entirely from respondents' witnesses and establishes the following facts: That from twenty-five to fifty out of about one thousand parts of a White motor truck are covered by letters patent owned or controlled by the White Company; that no one except the White Company manufactures said trucks; that Schuman Carriage Company, Limited, is the exclusive agent of the White Company in the Territory of Hawaii; that agents of the company are prohibited from selling White cars for more than the price fixed by the company but may sell for less; that when a car or truck is sold by the company or through its agents no attempt is made to restrict resales thereof; that the company's agents procure the cars and trucks from the company at less than the price fixed by the company as the maximum price at which they may be sold by

the agent, the difference being the agent's profit; that agents often do, as was done in this case, sell for less than the maximum price; that White cars could have been bought by the county from other agents elsewhere but that the local agent would have received credit therefor.

Counsel for the respondents in his discussion of this phase of the case starts out with the proposition that as soon as an article appears to be sold under an exclusive agency such article is one which does not admit of competition and he relies on the case of *Lord* v. *City and County of Honolulu*, 20 Haw. 175, as authority for his contention. He says that the *Lord* case decides that it is unnecessary to call for bids for an article which has been patented and for which there is but one agent in the Territory. We do not so understand that decision. The petitioner in that case admitted that Gilman was the only person authorized to enter into a contract for constructing the patented pavement in Hawaii and contended that the selection of a patented pavement obtainable from only one source is against the policy of the statute which is intended to prevent graft or favoritism and that in order to accomplish this object the requirement of competitive bids implies prohibition of such selection.

This court decided that it was not against the policy of the statute to permit the board of supervisors to select a patented pavement obtainable from only one source and that the petitioner having admitted that Gilman was the only person authorized to contract for the particular pavement selected, to advertise for bids would not only be useless but absurd.

We think that the law as announced in that case is correct as applied to the facts there involved but we also think that the rule there announced should not be extended.

We are unable to see how the numerous paving cases cited by counsel have much bearing on the case at bar.

The inherent difference between the two commodities involved prevents the same conclusion in the two classes of cases. The case of a paving contract, where the thing contracted for can only be had from the patentee or one who holds a license from him for a given territory, is quite different from a manufactured article which, like the paving, can, in the first instance, be purchased only from the patentee or his authorized agent but, unlike the pavement, immediately upon being sold by the patentee or licensee becomes a commercial commodity and subject to resale without restriction as to time or place.

The fact, which is in evidence, that White cars are sold by the White Company and its authorized agents with absolutely no restrictions considered in connection with the law as announced by the Supreme Court of the United States in the case of *Keeler* v. *Standard Folding Bed Company,* 157 U. S. 659, establishes conclusively that White cars do "admit of competition." In the case just referred to the court said: "Where the patentee has not parted, by assignment, with any of his original rights, but chooses himself to make and vend a patented article of manufacture, it is obvious that a purchaser can use the article in any part of the United States, and, unless restrained by contract with the patentee, can sell and dispose of the same. It has passed outside of the monopoly, and is no longer under the peculiar protection granted to patented rights. As said by Mr. Justice Clifford, in *Goodyear* v. *Beverly Rubber Co.* (1 Cliff. 348, 354): 'Having manufactured the material and sold it for a satisfactory compensation, whether as material or in the form of a manufactured article, the patentee, so far as that quantity of the product of his invention is concerned, has enjoyed all the rights secured to him by his entire patent, and the manufactured article, and the material of which it is composed, go to the purchaser for a valuable consideration,

discharged of all the rights of the patentee previously attached to it, or impressed upon it by the act of Congress under which the patent was granted.' "

In the case of *Adams* v. *Burke,* 17 Wall. 453, 456, Lockhart and Seelye owned by assignment, all the right, title and interest which the patentee had in a certain patented coffin lid in a circular district of a diameter of ten miles, whereof the city of Boston was the centre. Adams also by assignment was the owner of all other rights under the patent. Burke, an undertaker, carried on his business at Natick, and within the territory covered by the patent owned by Adams. To a bill of infringement, filed by Adams in the circuit court of the United States for the district of Massachusetts, Burke pleaded that the patent coffin lids used by him in the business were purchased by him from Lockhart and Seelye, and were sold to him without condition or restriction. The validity of his plea was sustained by the circuit court, and its decree dismissing the bill was affirmed by the Supreme Court of the United States.

A patented paving when once constructed cannot, like the folding bed in the *Keeler* case or the coffin lid in the *Adams* case, be removed from the place where laid and become an article of commerce, or in any manner compete with the holder of the patent right. Not so in the case of White cars.

From the showing that White cars contain parts protected by letters patent and are sold in the first instance only by the patentee and his authorized agents, where the sales are made without restrictions, as shown by the evidence in this case, it does not follow that they are not the subject of competition but this showing is conclusive of the fact that they do admit of competition.

The respondents also contend that as the petitioner testified that if he had been given an opportunity to bid he would

not have submitted a bid on White trucks but would have bid on another make it would be absurd to grant him the relief prayed for.

But it must be borne in mind that the question is not whether the petitioner would have submitted a bid on White cars or any car at all. The petitioner is not required to show that he or any other person would have in fact submitted a bid. It is sufficient to take the case out of the exception in the statute if it is shown that the expenditure is for a purpose which "admits" of competition. This showing, we hold, has been made.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*W. H. Smith* (*J. W. Russell* with him on the brief) for petitioner.

*C. S. Carlsmith* (*W. H. Beers,* County Attorney of Hawaii, and *Carlsmith & Rolph* on the brief) for respondents.