(No. 14302.—Reversed and remanded.)

THE PEOPLE *ex rel.* J. T. Cox, County Collector, Appellee,
*vs.* JAMES L. FREEMAN, Appellant.

*Opinion filed February 22, 1922.*

1. SPECIAL ASSESSMENTS—*valid ordinance is the basis of every assessment.* A valid ordinance must be the basis of every special assessment, and if the ordinance is void the county court has no jurisdiction to confirm the assessment, but it is only where the ordinance exceeds the power of the city council or the conditions necessary for its enactment have not been observed that the ordinance will be void.

2. SAME—*when question of insufficiency of ordinance cannot be raised.* On application for judgment against land for a delinquent special assessment, an objection based upon the alleged insufficiency of the ordinance is a collateral attack on the judgment of confirmation, which cannot be made except for want of jurisdiction, which must appear on the face of the record.

3. SAME—*when misdescription in ordinance does not render it void.* A slight vagueness in the description of one terminus of the improvement, which is not of a character to mislead the property owner or persons desiring to bid for the construction of the work, does not render the. ordinance void so as to deprive the county court of jurisdiction to confirm the assessment.

4. SAME—*municipality may improve public highway acquired by use.* Where the public has acquired an easement by fifteen years' use of a road as a public highway within a municipality, the city or village may improve the roadway as a public street by special assessment proceedings.

5. SAME—*objection that improvement is partly on private property must be made on application to confirm assessment.* An objection that the improvement was constructed partly on private property, to which the municipality had not acquired title, must be made on the application to confirm the assessment and cannot be made on the application for judgment for the delinquent assessment.

6. SAME—*identity of improvement is settled upon hearing on certificate of completion of work.* Any question as to whether the improvement as actually constructed is the same as described in the ordinance is adjudicated by the county court when it approves the certificate of completion of the work upon the petition of the board of local improvements, and such question cannot afterwards be raised in the proceeding to collect a delinquent assessment.

7. SAME—*filing of delinquent list five days before term is not essential to jurisdiction.* The filing of the delinquent list five days before the term of court to which application is made for judgment and sale is directory, only, and compliance with that requirement is not essential to the jurisdiction of the court.

8. SAME—*return need not be made to county collector on or before first day of April.* The return of the delinquent list by the collector of special assessments need not be made to the county collector on or before the first day of April, as such date refers to the delinquency and not to the return.

9. SAME—*when objection to notice of application for judgment for delinquent assessment is waived.* A property owner who files objections to the merits of the county collector's application for judgment for delinquent assessments waives any objection that the notice of the application is insufficient because not properly certified.

10. SAME—*organization of municipality cannot be questioned in proceeding to collect delinquent assessments.* A municipality which has claimed and exercised for many years the corporate franchise authorized by the Cities and Villages act of 1872 is a *de facto* corporation, and the question of the legality of its organization can not be raised on an application for judgment for taxes but only by *quo warranto* proceedings.

11. SAME—*judgment for delinquent assessment will be reversed if not in proper form.* The statute does not authorize the entry of a personal judgment against an objector, and where a judgment against property for a delinquent special assessment is vague and uncertain and includes a personal judgment for costs, it will be reversed and the cause will be remanded for the purpose of entering a proper judgment.

APPEAL from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.

CHARLES H. HOLT, for appellant.

CHARLES E. JONES, State's Attorney, and WESNER & WESNER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

To the application of the county collector of Crawford county for judgment and order of sale against his lots in the village of Palestine for the construction of a street im-

provement, James L. Freeman objected and has appealed
from the judgment overruling his objections.

Objector's principal objection was, in substance, that
the ordinance for the construction of the improvement was
void because it did not specifically describe the proposed im-
provement.    The ordinance was for the paving and drain-
ing of a portion of Walnut street and Main street, and the
objection made to the sufficiency of its description of the
improvement concerned the portion at the north end of the
improvement.    Main street is a north and south street run-
ning through the village.    Walnut street is on the north
side of the village.    As laid out on the original plat the
two streets met at right angles.    The portion of the ordi-
nance which describes the place of beginning of the improve-
ment provides that "said pavement shall be of the width of
thirty feet, including curb, from the north corporate lim-
its of said village at the south end of said public road ex-
tending north from said village between said sections 34
and 35, and running thence on said Walnut street along
the roadway of said Walnut street to said Main street, and
from thence south on said Main street," etc.    The evidence
shows that for twenty-five or thirty years the travel along
Main street and Walnut street, instead of passing around
the corner, went in a diagonal line from a point a short
distance south of the intersection of the two streets north-
east to the north and south road crossing lot 4 in the vil-
lage and cutting off a small part of the northwest corner
of that lot, which was entirely on the northwest side of
the traveled line.    The improvement was constructed on this
line.    Section 3 of the ordinance provided that the improve-
ment should be constructed in accordance with the plans
and profiles on file in the office of the village clerk and
referred to for more certainty and made a part of the or-
dinance.    These plans and profiles show the improvement
running in a southwest direction from the south end of the
north and south road across lot 4 to Main street and thence

south on Main street. The appellant objected in the county court to the confirmation of the assessment, but made no objection there to the description of the character, kind and location of the improvement. His objections referred to the amount of the assessment, to the proportionate distribution upon the different pieces of property assessed and the distribution between the public and property assessed, and to the paving with concrete instead of brick.

The improvement was constructed on the line indicated on the plans in the clerk's office referred to by the ordinance, and after its completion the board of local improvements issued its certificate of completion, and upon the petition of the board the certificate was approved by the county court. The appellant made no objection to the order approving the certificate and did not appear on the hearing.

It has been frequently held that a valid ordinance must be the basis of every special assessment, and if the ordinance which is the foundation of the proceeding is void the county court has no jurisdiction to confirm the assessment. The Local Improvement act itself provides in section 66 that upon the application for a judgment of sale upon the assessment no defense or objection shall be heard which might have been interposed in the proceeding for the making of the assessment or the application for the confirmation thereof, "and no errors in the proceeding to confirm not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for." On an application for judgment against land for a delinquent special assessment, an objection because of the insufficiency of the ordinance under which the assessment is made is a collateral attack on the judgment of confirmation. Such attack can only be made for matters affecting the jurisdiction. (*People* v. *Lingle,* 165 Ill. 65.) It is also held that the lack of jurisdiction must appear on the face of the record. (*Kunst* v. *People,* 173 Ill. 79; *Walker* v. *People,* 202 id. 34; *Gold-*

*stein* v. *Village of Milford,* 214 id. 528.)   It is only where
an ordinance exceeds the power of the city council or the
conditions necessary for its enactment have not been ob-
served that the ordinance will be void and no rights can
grow up under it.   A slight vagueness in the description of
one terminus of the improvement, which is not of a char-
acter to mislead the property owner or persons desiring to
bid for the construction of the work, is not of that charac-
ter.   In *Steenberg* v. *People,* 164 Ill. 478, a paving ordi-
nance described the location as "Mead street, in the city of
Chicago, from Fullerton avenue to Logan avenue, in said
city of Chicago."   There was no such street as Logan ave-
nue intersecting Mead street.   The improvement was, in
fact, on Mead street from Fullerton avenue to a street run-
ning from the middle of Logan square across Mead street,
which had been called Humboldt avenue up to January 14,
1895, when it was named West Wrightwood avenue.   The
assessment was made for that improvement, and the work
was about completed when the collector applied for the
judgment.   Conceding that the objection might have been
valid if presented on application for confirmation of the
assessment, the question whether it could be taken advan-
tage of in a collateral proceeding for judgment of sale was
considered, and the court held that the enactment of the
ordinance was within the corporate power and there was
no question of its lawful passage; that the description of
the locality where the improvement was to be made was
defective and for that reason an objection might have
been made to the confirmation, but that the parties assessed
should have made their objection on the application for
judgment of confirmation; that the county court had juris-
diction to enter that judgment and the objection could not
be made on the application for judgment of sale.   *Gage*
v. *Parker,* 103 Ill. 528; *People* v. *Green,* 158 id. 594.

The appellant contends that the improvement, so far as
extended over lot 4, was constructed over private property

to which the village had not acquired title, and therefore the county court was without jurisdiction to confirm the assessment under section 53 of the Local Improvement act, which provides that no special assessment or special tax shall be levied for any local improvement until land necessary therefor has been acquired and in possession of the municipality, except in cases where proceedings to acquire such land shall have been begun and proceeded to judgment. The evidence shows that the travel over Walnut street from the north and south road to Main street had been diverted for twenty-five or thirty years over lot 4 on the line on which the improvement was constructed. This was the traveled roadway which the plans in the clerk's office indicate as the line of the improvement. Fifteen years' use by the public of a road constitutes it a public highway, and upon this record it cannot be said that the public did not have an easement over lot 4 and the right to use, control and improve the roadway as a public street of the village of Palestine. In any event, the objection that the improvement was constructed on private property to which the village had not acquired the title should have been made on the application to confirm the assessment and was too late on the application for judgment of sale. *People* v. *Talmadge,* 194 Ill. 67.

The appellant insists that the improvement actually constructed is not that described in the ordinance but is another and different improvement. He contends that since the ordinance provides for the pavement from the starting point, running thence on Walnut street along the roadway of Walnut street to Main street, it means running on Walnut street as it was laid out on the original plat, on the roadway of Walnut street as indicated upon that plat to Main street and then south on Main street. The ordinance, however, refers to the plans on file in the office of the city clerk, and the two together show that by this language the

roadway on Walnut street did not mean the roadway as originally laid out but the roadway as then used by the traveling public. The question of the identity of the improvement, however, was adjudicated by the county court when it approved the certificate of completion upon the petition of the board of local improvements. *People* v. *Martin,* 243 Ill. 284; *Martin* v. *McCall,* 247 id. 484.

Several minor objections are made by the appellant. First, that the collector's list was not filed five days before the term at which application was made for judgment. In *Leindecker* v. *People,* 98 Ill. 21, it was held that the requirement of the filing of the delinquent list five days before the term is directory, only, and compliance with that requirement is not essential to the jurisdiction of the court.

It is also objected that the return of the collector of special assessments was not made to the county collector until after the first day of April. It was held in regard to a similar provision in the case of *Steidl* v. *People,* 173 Ill. 29, that it was not required that the return should be filed with the county collector on or before the first of April, but that date referred to the date of the delinquency and not of the return.

It is also contended that the notice of application for judgment is insufficient because not properly certified. The appellant having filed objections to the application on the merits, waived any objection to the sufficiency of the publication. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 243 Ill. 217; *People* v. *Smith,* 281 id. 538.

An objection was made because the ordinance included an item of $2866.81 included in the estimate of the president of the board of local improvements as a sum to be applied toward the payment of costs and all necessary expenses. This sum was six per cent of the amount of the assessment, which is authorized by section 94 of the Local Improvement act to be added by the council to the actual costs to cover the expense of making and collecting the as-

sessment, and the objection was properly overruled.  *City of Park Ridge* v. *Wisner,* 253 Ill. 434.

Another objection was that the collector of special assessments did not call upon the objector and demand payment of the assessment.   Section 64 of the Local Improvement act imposes this duty upon the collector and provides a penalty for its omission, but also provides that the right to· apply for and obtain judgment shall not be affected by the omission.

By various objections the appellant sought to present the question of the incorporation of the village of Palestine as a municipality.   It was shown that the town of Palestine was incorporated by a special act of the legislature on February 16, 1857, under the name of the president and trustees of the town of Palestine.   (Private Laws of 1857, p. 1139.)   It also appears that there exists no record of any proceeding changing the organization of the municipality and adopting the Cities and Villages act of 1872, but it does appear that the village of Palestine, under that name, has been exercising municipal authority for many years.   There can be no question of the existence of a *de facto* municipality claiming and exercising for many years the corporate franchise authorized by the act of 1872, and the question of the legality of its organization cannot be raised on an application for judgment for taxes or delinquent special assessments, but only in a proceeding by *quo warranto. People* v. *McKinnie,* 277 Ill. 342; *Village of Catlin* v. *Tilton,* 281 id. 601.

The judgment rendered, after reciting the overruling of the objections, provides as follows: "It is therefore ordered that the objections be and are overruled, and that judgment in favor of the People of the State of Illinois be and is rendered against the lots, parts of lots and tracts of land of the objector for the amount set opposite thereto of the special assessment, interest, penalties and costs, and that the treasurer of this county proceed to sell said lot or lots

or tracts of land to satisfy this judgment. It is further ordered that the costs of this trial be taxed by the clerk of this court against the said James L. Freeman. Judgment is rendered for said costs and execution for same awarded." The statute does not authorize the entry of a personal judgment against the objector. The judgment against the lots is vague and uncertain, (*People* v. *Glick*, 282 Ill. 198,) and will therefore be reversed and the cause remanded for the purpose of entry of the proper judgment in the form provided by section 191 of the Revenue act.

*Reversed and remanded, with directions.*