THE VILLAGE OF LENA, Appellee, *vs.* WILLIAM KABLE
*et al.* Appellants.

*Opinion filed October 22, 1927.*

1. SPECIAL ASSESSMENTS—*when an ordinance is void for uncertainty.* While an improvement ordinance need not set forth in minute detail every particular of the improvement and some discretion may be left to the board of local improvements, such as requiring the material to be equal to a certain known standard, such discretion may only be exercised to permit the substitution of a particular substance or ingredient which meets the standard prescribed; and a sewer improvement ordinance providing for a treatment plant of certain specifications, "or its equal in efficiency," is void for indefiniteness, as the property owner is entitled to a description of the contemplated improvement and its component parts with certainty.

2. SAME—*court cannot confirm assessment where ordinance is void.* A valid ordinance is the basis of a special assessment under the Local Improvement act of 1897, and if the ordinance is void the county court has no power to confirm the assessment.

APPEAL from the County Court of Stephenson county; the Hon. EDWARD E. LAUGHLIN, Judge, presiding.

MITCHELL & WILSON, for appellants.

J. N. GATES, and A. H. MANUS, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The president and board of trustees of the village of Lena, in Stephenson county, passed an ordinance for the construction of a system of sewers and a sewage treatment and disposal plant. A petition for the levy of a special assessment for the proposed improvement was filed in the county court of Stephenson county. Objections to the assessment were interposed by a number of land owners. The legal objections were overruled, the objectors waived any

controversy concerning the question of benefits, and the assessment was confirmed. From the judgment of confirmation William Kable and twenty-five other objectors prosecute this appeal.

The objections upon which errors are assigned and argued are: (1) That the ordinance for the improvement was not passed at a legally called meeting of the president and board of trustees of the village; (2) that the engineer's estimate and the ordinance leave the character, dimensions and specifications of the sewage treatment and disposal plant to be determined by the contractor, and that the ordinance is therefore void; (3) that the oath of the commissioner who made the assessment was taken before a notary public who was one of the attorneys for the petitioner; and (4) that certain parcels of property which will be benefited by the improvement are not assessed therefor.

A review of the record discloses that consideration of the second objection, only, is necessary.

A substantial item in the engineer's estimate of the cost of the improvement is: "One septic tank of reinforced concrete, containing two settling chambers and one gas vent over one sludge digestion chamber, provided with baffle walls, concrete inlet and outlet troughs with cast-iron wiers and cast-iron support for sludge pipe, covered with brick building with windows, door and ventilator, and asphalt shingle roofing (said building being estimated to cost $475) complete in place, including building, excavation and surrounding re-filling and seeding, or its equal in efficiency, $4352." Section 4 of the ordinance provides that "the treatment plant shall consist of a septic tank of the following form, dimensions and specifications, or its equal in efficiency." The specifications for the construction of the tank follow at considerable length, but the alternative to build a tank of equal efficiency is not eliminated. The treatment plant will be an integral and substantial part of the proposed improvement. There may be many ways in which

such plants can be built. The engineer's estimate contemplates, and the provision of the ordinance permits, the substitution of a treatment plant altogether different from the one specified, subject only to the condition of equal efficiency. One plant may be as efficient as another, yet substantial differences between the two in cost and durability may exist. The right of substitution destroys the certainty that the treatment plant will be constructed in the manner and of the materials prescribed by the ordinance. The officer or body exercising the function of deciding whether the substituted plant is as efficient as the one specified would necessarily do so under a supposed delegated authority, and if the substitution was approved, a substantial part of the improvement would differ from that which the property owner had been led to believe would be constructed and for the payment of which his property is assessed. The ordinance must describe the contemplated improvement and its component parts with certainty. (*City of North Chicago* v. *Cummings,* 266 Ill. 575; *City of Geneseo* v. *Brown,* 250 id. 165; *McChesney* v. *City of Chicago,* 213 id. 592; *Washburn* v. *City of Chicago,* 202 id. 210; *People* v. *Warneke,* 173 id. 40.) It is not necessary, however, to set forth in minute detail every particular of the improvement and every circumstance of the work, since some discretion concerning details must necessarily be left to the board of local improvements. (*City of East St. Louis* v. *Vogel,* 276 Ill. 490; *City of Watseka* v. *Orebaugh,* 266 id. 579; *City of Chicago* v. *LeMoyne,* 243 id. 379.) An ordinance for the construction of a local improvement may make a certain product, substance or compound the standard of quality and fitness and require that only material equal to it in all respects shall be used. (*Fishburn* v. *City of Chicago,* 171 Ill. 338; *Hintze* v. *City of Elgin,* 186 id. 251; *City of Chicago* v. *Gage,* 237 id. 328.) This discretion, however, may only be exercised to permit the substitution of a particular substance or ingredient which meets the

standard prescribed, but it is not broad enough to allow the construction of a substantial part of the improvement in a manner and of materials essentially different from the specifications of the ordinance. In respect of the treatment plant the ordinance is indefinite and insufficient and therefore void. A valid ordinance is the basis of every special assessment under the Local Improvement act of 1897, and if the ordinance is void the county court has no power to confirm the assessment. *People* v. *Freeman,* 301 Ill. 562; *City of Lincoln* v. *Harts,* 250 id. 273; *American Hide and Leather Co.* v. *City of Chicago,* 203 id. 451.

The judgment of the county court is reversed and the cause is remanded to that court, with directions to dismiss the petition.           *Reversed and remanded, with directions.*