(No. 19229.

THE CITY OF CHICAGO, Appellee, *vs.* MARIE RUSSO *et al.* Appellants.

*Opinion filed April 17, 1930—Rehearing denied June 4, 1930.*

W. T. HAPEMAN, PERCY W. SULLIVAN, LYMAN, AD-
AMS, BISHOP & DUPEE, and LATCHFORD & McKENNA, for
appellants.

SAMUEL A. ETTELSON, Corporation Counsel, GOTTHARD
A. DAHLBERG, and HARRY O. ROSENBERG, (JOSEPH J.
THOMPSON, of counsel,) for appellee.

Mr. COMMISSIONER EDMUNDS reported this opinion:

The city of Chicago, appellee, filed in the county court
of Cook county a petition under the Local Improvement act
of 1897 to levy a special assessment for the construction of
a combined curb and cement sidewalk between the curb line
and the street (lot) line and concrete retaining walls on both
sides of Taylor street as and when widened, from the west
curb line of South Canal street to the east curb line of South
Halsted street, in the city of Chicago. Legal objections filed
by appellants were overruled, and the case is here on ap-
peal from a judgment of confirmation.

The chief objection relied upon by appellants below and
argued here is, that the provision of the ordinance relating
to the construction of retaining walls is indefinite and fails

to specify the nature, character, locality and description of the improvement. The provision in question is as follows: "Where any sidewalk is provided by this ordinance to be built on filling adjoining private land, and the surface of such land is more than one foot below the surface of the said sidewalk, a concrete retaining wall shall be built under the said sidewalk and adjoining the private land. The sidewalk shall rest upon the retaining wall, the top of which shall have a thickness equal to one-twelfth the height of the wall, provided that in no case shall it be less than six inches. The bottom of the wall shall have a thickness equal to one-third of the height of the wall, provided that in no case shall it be less than twelve inches. The face of the wall next to the said land shall be vertical. The bottom of the said wall shall be bedded on firm soil." The estimate of the engineer shows, among other things, an item for the construction of concrete retaining wall, 1000 cubic yards, $20 per cubic yard, at a cost of $20,000. The total of the estimate for the improvement is $45,317.47.

At the hearing Nicholas E. Murray testified for appellee that he was, and for twenty-eight years had been, superintendent of construction of sidewalks for the city of Chicago; that in every case where there has been a spread for widening and buildings are erected or moved back there is a space under the basement, and, in order to retain a filling under the walk, retaining walls are necessary in such places; that $20,000 is little enough for the retaining walls here, and if there had to be a wall along the entire street $20,000 would not cover it. On cross-examination Murray stated that neither he nor anyone else could tell from the terms of the ordinance where such walls would be built or knew at the time of the hearing whether any of the retaining walls would be built; that it might so happen that no such walls would be necessary; that none would be necessary now with the dirt filling in, but if in the meantime they should take out any basements, walls would be needed.

there, and that the engineer in charge of the work would determine where the walls should be built.

John P. McGuern testified for appellee that he was, and for twenty-four years had been, assistant superintendent of sidewalks for the board of local improvements, and that the proposition of $20,000 for retaining walls was necessary and reasonable. On cross-examination he stated that he would not know until they got on the street to do the work where the walls would be built; that experience had taught that the estimate made was fair; that it is impossible to tell what is going to happen when they get on the street to do the work, and there is no telling until then whether there will be some property which will not be in need of a retaining wall.

William J. Caveny testified for appellants that he was a graduate civil engineer, with general engineering experience, and had been in the real estate business about twelve years; that he had built, and was familiar with the construction of, sidewalks in the city of Chicago; that he had examined the petition and ordinance in the present case; that he was familiar with the territory involved; that from inspection of the property he could not find where the 1000 yards of concrete retaining wall is needed, and that in his opinion the provision in the ordinance for retaining wall is unnecessary.

Appellee cites authority in support of the contention made that no fault appears upon the face of the ordinance; that it is in all respects legal and formal; that substantial compliance with the statute is all that is necessary, and some discretion as to details of the work must necessarily be left to the board of local improvements, arguing that the ordinance sufficiently describes the nature, character, description and location of the improvement and is accordingly valid. From the testimony of appellee's own expert witnesses, however, it may be taken for granted that it is impossible to tell from the ordinance itself where retaining

walls are to be built or whether any are to be built. The evidence establishes beyond question, and it is admitted, that at the time the ordinance was drafted and at the time of the hearing there was no existing necessity for retaining walls as part of the sidewalk project and that this provision of the ordinance was inserted to meet subsequent contingencies. No authority cited by appellee supports an ordinance including an item constituting more than forty-four per cent of the total estimate, the doing of work under which item is purely contingent upon subsequent happenings and within the discretion of the engineer in charge.

A valid ordinance is the basis of every special assessment under the Local Improvement act of 1897, and if the ordinance is void the court has no power to confirm the assessment. (*Village of Lena* v. *Kable,* 327 Ill. 246.) The description of the improvement in the ordinance must be sufficiently definite that the property owner may know from its terms what he is to get when the improvement is complete and what sort of an improvement his property is being assessed to construct,—in short, the property owner is entitled to know what he is to get for his money before he is required to pay for it. (*Winnetka Park District* v. *Brandl,* 301 Ill. 265; *City of Chicago* v. *Cummings,* 250 id. 423.) In the present case the only portion of the proposed improvement that offers direct practical utility is the sidewalk surface along the top of the ground. The property owners do not know whether they stand to get an improvement in the way of $25,317.47 estimated worth of ordinary sidewalk along the top of the ground, an improvement in the way of ordinary sidewalk with 1000 cubic yards of vertical wall of concrete at an estimated additional cost of $20,000, or an improvement in the way of ordinary sidewalk walled up with concrete in some indeterminable amount. They know neither what sort of an improvement they are to get nor within $20,000 of what they may have to pay for it. Furthermore, one object of the requirement

of the statute that the ordinance shall specify the nature, character, locality and description of the improvement is, that those charged with the duty of making an estimate of the cost of such improvement may make an intelligent, just and fair estimate thereof; and another object is, that since such ordinance is the basis for all contracts for the construction of the improvement, it should contain, either upon its face or by reference to specifications on file in the office designated by statute, the data necessary for estimating its cost, so as to enable bidders to make intelligent bids for the work and thereby invite a healthy competition among contractors. (*City of Alton* v. *Middleton's Heirs,* 158 Ill. 442; *City of Paxton* v. *Bogardus,* 201 id. 628; *City of Kankakee* v. *Potter,* 119 id. 324; *People* v. *Warneke,* 173 id. 40; *Holden* v. *City of Chicago,* 172 id. 263; *Walker* v. *People,* 166 id. 96.) Looking at the ordinance in the present case in connection with the surrounding specifications and circumstances, it is evident that arriving at any definite conclusion as to final cost is a matter for mere surmise and conjecture. It might not be necessary to turn a hand to build retaining wall; it might be necessary to build 1000 yards of such wall; it might be necessary to put in wall to some previously undeterminable intermediate extent. Even $20,-000 worth of work might not meet the conditions. Not until the project was actually under way could the status of this item be known. Taking into consideration the essentials of local improvement ordinances as prescribed by statute and the objects thereof as above suggested, the ordinance here involved cannot be supported.

In *Lundberg* v. *City of Chicago,* 183 Ill. 572, a paving ordinance contained nothing from which the depth of the gutter or corresponding height of the curb could be ascertained. The contention was advanced that the description was good because the gutter must be so made as to secure good drainage, and, with the necessary longitudinal pitch, the face of the curb was not of the same height at any

two places but was determined by the location of catch-basins, sewers, alleys, etc., and that for such reason the improvement could not be described "but its character must depend upon the exigencies of construction." The court said that if the city is not able to specify the nature, character, locality and description of the improvement it is not authorized to make it by special assessment at the expense of property owners. While the nature of the "exigencies of construction" contemplated by the framers of the ordinance in the present case differs somewhat in kind from that of the *Lundberg case,* the principle thus expressed is nevertheless applicable.

Appellee argues that by virtue of sections 59 and 84 of the Local Improvement act (Cahill's Stat. 1929, pars. 185, 214,) the board of local improvements or its engineer may be held to be vested with such discretion as might be necessary to carry out the provisions of the ordinance in this case. These sections do not purport to confer upon the board of local improvements the discretion for which appellee here contends, and we do not see that they have any proper application to the present record. If section 59, which provides for supplemental assessments, holds any pertinent implication, it would seemingly be against such a course of procedure as appellee has essayed here.

The judgment of the county court of Cook county is reversed and the cause is remanded to that court, with directions to dismiss the petition.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*